ALUMINUM COMPANY OF AMERICA *v.*
Mrs. Willowdean NEAL, Widow, and Guy Anthony NEAL, Dependent Child of Arvis Eugene NEAL, Deceased Employee

CA 80-448                                        626 S.W. 2d 620

Court of Appeals of Arkansas
Opinion delivered January 20, 1982

*Rose Law Firm, P.A.*, by: *Phillip Carroll* and *Jerry Jones*, for appellant.

*George D. Ellis, P.A.*, for appellees.

TOM GLAZE, Judge. In 1976, the Administrative Law Judge, Gary Shelton, awarded weekly compensation benefits, plus medical and funeral expenses to claimants Wil-

Iowdean Neal and Anthony Guy Neal, dependents of deceased Alcoa employee Arvis E. Neal. The claimants' attorney was awarded the maximum attorney's fee on the entire award, payable at the rate of $6.65 per week, for services rendered in connection with the claim. The award was affirmed on appeal to the Full Commission. In addition, Alcoa was ordered to pay the claimant's attorney an additional $100.00 fee.

On March 1, 1979, Act 215 of 1979, compiled as Ark. Stat. Ann. § 81-1332.1 (Supp. 1981), became effective. Act 215 authorized lump sum attorney's fees in Workers' Compensation cases and provided in pertinent part as follows:

> Section 1. The Workers' Compensation Commission is hereby authorized to approve lump sum attorney's fees for legal services rendered in respect of a claim before the Commission. Such lump sum attorney's fees are allowable notwithstanding that the award of compensation to the injured employee is to be paid on an installment basis.
>
> *  *  *
>
> Section 3. It is hereby found and determined by the General Assembly that the Arkansas Supreme court has invalidated the award of lump sum attorney's fees by the Workers' Compensation Commission where claimant was awarded compensation payable in installments. This has resulted in attorney's fees being paid in minute amounts over a long period of time, and if the claimant dies prior to the attorney's fees being fully covered from the installment payments, the attorney does not receive full compensation for his efforts. Therefore, an emergency is hereby declared to exist, and this Act, being necessary for the immediate preservation of the public peace, health, and safety, shall be in full force and effect from the date of its passage and approval.[1]

---

[1]Act 215 of 1979 was passed after the Supreme Court decided *United States Fidelity and Guaranty Company* v. *Potter*, 263 Ark. 689, 567 S.W. 2d 104 (1978), wherein the court held the Workers' Compensation Commission had no statutory authority to award lump sum attorney's fees.

On March 10, 1980, claimants' attorney petitioned the Administrative Law Judge for a lump sum attorney's fee pursuant to the foregoing provisions of Act 215. The Administrative Law Judge ruled that the claimants' attorney was entitled to a lump sum benefit. Alcoa appealed to the Full Commission, which affirmed the decision of the Administrative Law Judge and awarded claimants' attorney an additional $100.00 fee.

Alcoa brings this appeal, raising the primary issue of whether Act 215 of 1979 applies to attorney's fees earned and awarded prior to the 1979 Act and are still being paid at a weekly rate.

Attorney's fees in Workers' Compensation cases are provided by statute in Arkansas as a matter of public policy to enable injured workers to obtain the services of an attorney in settlement of controverted claims. Ark. Stat. Ann. § 81-1332 (Supp. 1981); *Aluminum Company of America* v. *Henning*, 260 Ark. 699, 543 S.W. 2d 480 (1976). The amount of the attorney's fee approved by the Commission is determined, within statutorily set maximum limits, by consideration of the nature, length and complexity of the services performed by the attorney, and the benefits resulting therefrom to the compensation beneficiaries.

The amount an individual beneficiary is awarded is computed with reference to a standard annuity table. The table takes into account the life expectancy of the beneficiary and, in the case of a dependent-spouse beneficiary, the probability of remarriage. Prior to the enactment of Act 215, many instances existed where the claimant's attorney received his or her compensation installments on the same schedule benefits were paid the claimant. Since an individual claimant or beneficiary might die or remarry prior to the projected time set forth in the tables, attorneys in these instances would fail to receive full payment for their services. The language in the emergency clause of Act 215, *i.e.,* Section 3, *supra,* clearly reflects that the Arkansas General Assembly enacted Act 215 to remedy this problem.

Appellant, Aluminum Company of America, contends

Act 215 should apply only to attorney's fee awards made subsequent to March 1, 1979, the effective date of the Act. Appellant urges us to apply to the facts before us the general rule that statutes are to be construed as having a prospective operation, unless the purpose and intent of the Legislature to give it retrospective effect is expressly declared or is necessarily implied from the language used. However, this rule does not apply to remedial acts or statutes which do not disturb vested rights or create new obligations. The Supreme Court, in *State ex rel Moose* v. *Kansas City & Memphis Railway and Bridge Company,* 117 Ark. 606, 174 S.W. 248 (1914), stated the established rule applicable to remedial legislation as follows:

> The strict rule of construction contended for does not apply to remedial statutes which do not disturb vested rights, or create new obligations, but only supply a new or more appropriate remedy to enforce an existing right or obligation. These should ... be given a retrospective effect whenever such seems to have been the intention of the Legislature.

In construing remedial legislation, the courts do so with appropriate regard to the spirit which prompted its enactment, the mischief sought to be abolished and the remedy proposed. *Skelton* v. *B. C. Land Company,* 260 Ark. 122, 539 S.W. 2d 411 (1976). It is also an established rule that remedial legislation shall be liberally construed. *Chicago Mill & Lumber Company* v. *Smith,* 228 Ark. 876, 310 S.W. 2d 803 (1958), and *Schultz* v. *Rector-Phillips-Morse, Inc.,* 261 Ark. 769, 552 S.W. 2d 4 (1977).

We noted earlier the language employed by our General Assembly, contained in the emergency clause to Act 215, which expressly declares the intended remedial effect to be given the Act. No vested right of appellant is disturbed by its retrospective application, nor is any new obligation created. The total amount of the attorney's fee which appellant is obligated to pay was fixed by the Commission in 1976, and that amount will not be changed by requiring appellant to pay appellees' fee in a lump sum, discounted, of course, to present value. Accordingly, we believe the Commission was

correct in its decision to award the lump sum attorney's fee to claimant's counsel.

Appellant raises a second issue, challenging the Commission's award of an additional attorney's fee of $100 to claimants' attorney for his filing this action seeking a lump sum attorney's fee. The Commission based its authority to award such a fee on Act 1227 of 1976 (Extended Session), which in effect provides for an additional fee to the attorney if the claimant prevails on appeal. We fail to see how the claimant benefits or prevails at this stage of the proceedings. Considering the nature of the relief sought, we agree with appellant that it is claimants' attorney who benefits at this point, and it was never contemplated that Act 1227 would be used to award additional attorney's fees under these circumstances. Attorney's fees can only be awarded when the statutes specifically authorize them. *United States Fidelity and Guaranty Company* v. *Potter*, 263 Ark. 689, 567 S.W. 2d 104 (1978). We are unaware of any law which supports the Commission's award of the $100 attorney's fee, and we reverse that part of the Commission's decision with directions to disallow this additional fee.

Affirmed in part and reversed and remanded in part.