Bobby J. ALEXANDER *v.* LEE WAY MOTOR
FREIGHT, et al.

CA 84-416 689 S.W.2d 3

Court of Appeals of Arkansas
Division I
Opinion delivered May 8, 1985

*Hilburn, Calhoon, Forster, Harper & Pruniski, Ltd.,* by: *Nick Thompson,* for appellant.

*Friday, Eldredge & Clark,* by: *Elizabeth J. Robben,* for appellee.

MELVIN MAYFIELD, Judge. One issue in this case involves a decision of the Workers' Compensation Commission holding that Act 444 of 1983 was substantive and, therefore, not retroactive. The Act went into effect on July 4, 1983, and amended Ark. Stat. Ann. § 81-1311 (Supp. 1983) to allow an injured employee to have chiropractic care. This change provided by the Act is emphasized in the following quotation of a portion of section 81-1311:

> If the employer selects a physician, the claimant may petition the Commission one time only for a change of physician, and if the Commission approves the change, with or without a hearing, the Commission shall determine the second physician and shall not be bound by recommendations of claimant or respondent; *provided, however, that if the change desired by the claimant is to a chiropractic physician, the claimant may make the change by giving advance written notification to the employer or carrier.*

It was stipulated that the claimant sustained a compensable injury to his cervical spine on April 15, 1982, and that he was first treated by the company doctor who then referred him to Dr. Thomas Fletcher. Dr. Fletcher released him to return to work on July 20, 1982, but claimant continued to have problems and on July 12, 1983, pursuant to Act 444, he gave written notice to his employer that he intended to seek treatment from a chiropractor. He went to Dr. Gaylon Carter and upon respondent's refusal to pay for this treatment, a claim was filed and a hearing was held before an administrative law judge. The claimant contended that Act 444 entitled him to this treatment since it was in effect on the day he gave the written notice. The employer contended the Act was not retroactive, and the treatment was not for the injury

received but for discomfort associated with claimant's long-standing degenerative disc disease.

Claimant testified that after his release by Dr. Fletcher his problem reoccurred in about six months. He said he returned to Dr. Fletcher who prescribed medication for him but when it did not relieve his pain and his restricted movement, he decided to visit Dr. Carter. Claimant admitted that he had been treated by Dr. Fletcher in 1977 for degenerative disc disease.

Dr. Fletcher testified that claimant's injury should have healed in about six months and that any recurring pain was most likely due to the degenerative disc disease which claimant had in 1977 and which was temporarily aggravated by the injury. Dr. Carter, however, reported that the injury "would cause this to be symptom expressive" because of the underlying weakness.

The administrative law judge held that Dr. Carter's treatment was not reasonably necessary as a result of the injury sustained in April of 1982. However, she held that based on the case of *Popeye's Famous Fried Chicken* v. *Willis*, 7 Ark. App. 167, 646 S.W.2d 17 (1983), Act 444 was procedural rather than substantive, and since the notice was given after the Act became effective, the claimant was entitled to the change of physicians to Dr. Carter. The Commission reversed the law judge on both points holding that while claimant's treatment by a chiropractic physician was causally related to the compensable aggravation of claimant's degenerative cervical disc disease, Act 444 of 1983 created new rights and obligations of a substantive nature, and must be characterized as substantive law not entitled to be retroactively applied to injuries occurring prior to its effective date. Both parties appeal.

 We affirm the decision of the Commission holding that the treatment was causally related to the claimant's compensable injury. On review the evidence and all inferences deducible therefrom must be viewed in the light most favorable to the findings of the Commission. *Roberts* v. *Leo Levi Hospital*, 8 Ark. App. 184, 649 S.W.2d 402 (1983). It is the duty of the Commission to weigh medical evidence as it does any other evidence and, if that evidence conflicts, the resolution of the conflict is a question of fact for the Commission. *Jones* v. *Scheduled Skyways, Inc.*, 1 Ark. App. 44, 612 S.W.2d 333 (1981); *Turner* v. *Lambert Construction Co.*, 258 Ark. 333, 524

S.W.2d 465 (1975). We will not reverse a decision of the Commission unless reasonable minds could not reach the same conclusion. *Bearden Lumber Co.* v. *Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983). Although the evidence was directly contradictory, there was substantial evidence to support the Commission's decision on this point.

■ However, on the second point, we hold that the Commission erred in ruling that Act 444 of 1983 should be characterized as substantive law and not entitled to retroactive application. Statutes are generally construed as having prospective application except when they are remedial acts or statutes which do not disturb vested rights or create new obligations. *Aluminum Company of America* v. *Neal*, 4 Ark. App. 11, 626 S.W.2d 620 (1982). We think this case is controlled by the case of *Popeye's Famous Fried Chicken* v. *Willis, supra,* which held Ark. Stat. Ann. § 81-1311 to be procedural and stated:

> Section 81-1311 already contained a provision allowing the commission to authorize a claimant to change doctors and section 3 of the 1981 act did not disturb any vested right nor create any new obligation. It merely supplied "a new or more appropriate remedy to enforce an existing right or obligation". . . .

■ Likewise, the amendment to section 81-1311 provided by Act 444 of 1983, does not disturb any vested rights or create any new obligations, it merely removes certain procedural barriers and allows an injured employee to seek additional medical treatment. The claimant's right to seek treatment from a chiropractor is not unconditional; he still must prove the treatment is reasonable and necessary and causally related to his compensable injury.

Therefore, we remand this case to the Commission for further action not inconsistent with this opinion.

Affirmed in part; reversed in part and remanded.

COOPER and CLONINGER, JJ., agree.