A.O. SMITH-INLAND, Inc. *v.* Clark A. DODD, and SECOND INJURY FUND

CA 84-424                                          690 S.W.2d 367

Court of Appeals of Arkansas
Division II
Opinion delivered May 29, 1985

*Shackleford, Shackleford & Phillips, P.A.*, for appellant.

*Phillip K. Kinsey* and *Orville C. Clift*, for appellee Dodd.

*Steve Clark*, Att'y Gen., by: *David S. Mitchell*, for appellee Second Injury Fund.

DONALD L. CORBIN, Judge. Appellant, A.O. Smith-Inland, Inc., appeals from a decision of the Workers' Compensation Commission wherein the Commission determined that the Second Injury Fund had no liability for the payment of compensation benefits. We affirm.

Two questions are raised by this appeal. Appellant contends that Ark. Stat. Ann. § 81-1313(i) as amended by Act 253 of 1979 should be construed to apply to permanent disabilities occurring after January 1, 1981, and that the Commission erred in holding that this statute applied only to injuries occurring after January 1, 1981. Secondly, appellant argues that Ark. Stat. Ann. § 81-1313(i) impliedly amended Ark. Stat. Ann. § 81-1313(f)(1).

The record reflects that appellee Clark A. Dodd commenced his employment with appellant in April 1968. He worked in various capacities without incident until August 26, 1971, at which time he was carrying one end of a bundle of pipes weighing approximately 500 pounds and two men on the other end dropped their end, putting severe stress on appellee and causing an injury to his low back. Appellee was treated conservatively for his injury by Dr. Harold Chakales, who diagnosed a bulging at the L4, 5 and 6 levels. Dr. Chakales rated appellee as having a 15% disability to the body as a whole. At a hearing before an Administrative Law Judge, appellee was awarded an additional 5% wage loss disability by opinion filed May 17, 1974. Appellee returned to work with a 50-pound weight restriction which restriction was later removed by Dr. Chakales.

In September 1979 appellee sustained an injury to his cervical spine in the C6-7 level while in the process of having several eye teeth removed by his dentist. After a period of conservative treatment by Dr. David Reding, a posterior cervical laminectomy at the C6-7 level was performed. No permanent partial disability was assessed and appellee eventually returned to work for appellant in its return merchandise area. On October 10, 1980, appellee felt a tearing muscle sensation in his cervical area or neck while in the process of unloading a 16-inch flange pipe

from a crate. He was referred by the company physician at his request to Dr. David Reding. A myelogram was performed and a defect was discovered at the C5-6 level. Surgery was performed in January 1981, and appellee was released by Dr. Reding on July 27, 1981, with restrictions which included a 20-pound weight restriction and standing and walking for no more than 4 to 6 hours per day. A 10% permanent partial disability rating to the body as a whole was assigned on December 15, 1981, as a result of the injury. No apportionment was made between the dental injury which necessitated surgery and the on-the-job injury of October 10, 1980, which also required surgery.

Appellee returned to work for appellant on July 27, 1981, as a tool crib attendant. He testified he did pickup and delivery work and worked in the office. Appellee stated that his condition worsened in December 1981 and he could no longer stand the pain. He returned to Dr. Reding who prescribed pain medication and outpatient physical therapy. Appellee was subsequently admitted to the hospital in July 1982 and a myelogram was performed. Intensive outpatient physical therapy was again recommended along with a 10-pound weight restriction.

Upon appellee's return to his employment on July 19, 1982, he was informed that no work was available to him with the 10-pound weight restriction and was placed on sick leave. Appellee returned to his place of employment on a monthly basis thereafter requesting a sick leave form to continue his sick leave benefits.

By opinion dated September 27, 1983, the Administrative Law Judge determined among other things that appellee was currently totally disabled since July 28, 1982, as a result of his October 10, 1980, injury. Appellee was found to be entitled to a vocational rehabilitation evaluation and an independent medical examination and evaluation for a second opinion as to the extent of permanent physical impairment. Furthermore, the ALJ determined that the issues of vocational rehabilitation, permanent disability and Second Injury Fund liability would be reserved for future determination.

Appellant appealed the decision of the ALJ to the Full Commission which reversed and vacated the ALJ's finding and award of current total disability benefits and the corresponding award of attorney's fees. The Commission ruled that Ark. Stat. Ann. § 81-1313(i) did not apply retroactively to the claim and,

accordingly, since appellee's claim occurred on October 10, 1980, Ark. Stat. Ann. § 81-1313(i) did not apply. Appellant also argued on appeal to the Commission that there was a conflict between Sections 13(f)(1) and 13(i) and, accordingly, it was apparent that section 13(i) as amended impliedly repealed section 13(f)(1). The Commission rejected this argument. Appellant appeals from that portion of the opinion and order of the Commission finding that the Second Injury Fund was not responsible for payment of benefits to appellee.

In its first assignment of error, appellant argues that Ark. Stat. Ann. § 81-1313(i) as amended by Act 253 of 1979 applies to injuries occurring before January 1, 1981. Appellant admits this statute was not in effect at the time of appellee's second on-the-job injury of October 10, 1980, and makes no argument that the statute should be applied retroactively. Rather, appellant contends that § 81-1313(i) applies to disabilities sustained after January 1, 1981, and bases this contention upon the language in the first sentence of § 81-1313(i) which provides:

> (1) Commencing January 1, 1981, all cases of permanent disability where there has been previous disability or impairment shall be compensated as herein provided.

Appellant alleges that the Commission's finding that in order to come within the provisions of the Second Injury Fund as amended it was necessary that the injury occur after January 1, 1981, is contrary to the plain wording of the amendment. This argument is without merit and overlooks a fundamental problem associated with effective dates of the applicable Second Injury Fund legislation. The only provision or subsection of Ark. Stat. Ann. § 81-1313(f) giving rise to Second Injury Fund liability before January 1, 1981, is § 81-1313(f)(2)(iii), which applies to narrow and limited situations involving consecutively sustained and specifically enumerated scheduled injuries, i.e., the loss of "one hand, one arm, one foot, and one leg, or one eye." This statute was later amended as § 81-1313(i) by Act 253 of 1979 effective January 1, 1981, and by Act 290 of 1981 effective March 3, 1981. Act 253 of 1979 expanded the scope of the fund to include all previously disabled employees sustaining a second injury on the job. This amendment was in effect for only two months as Act 290 of 1981 amended the statute effective immediately.

 We hold that the Commission properly found that §

81-1313(i) did not apply as appellee's injury occurred on October 10, 1980, and the amended version of § 81-1313(f)(2)(iii) was not effective until January 1, 1981. Section 81-1313(f)(2)(iii) was applicable to this claim which limited Second Injury Fund liability to specifically enumerated scheduled injuries. All of appellee's injuries were unscheduled whole body injuries.

Appellant alleges in his second assignment of error that Ark. Stat. Ann. § 81-1313(i) as amended impliedly repealed § 81-1313(f)(1) as there is a conflict between these statutes and that the Second Injury Fund is responsible for increased disability benefits. We do not find it necessary to address this argument, which the Commission rejected, as we have previously held that § 81-1313(i) is not applicable to this case.

Affirmed.

COOPER, J., agrees.

GLAZE, J., concurs.

TOM GLAZE, Judge, concurring. I concur. The primary issue is whether Ark. Stat. Ann. § 81-1313(i), as amended by Act 253 of 1979 (the Second Injury Fund), applies to "injuries" sustained after January 1, 1981, or whether it applies to "disabilities" sustained after January 1, 1981. The Commission held the injury had to occur after January 1, 1981, and I agree. Here, appellee sustained his compensable injury on October 1, 1980, and therefore the Second Injury Fund law does not apply. In *Harrison Furniture* v. *Chrobak*, 2 Ark. App. 364, 620 S.W.2d 955 (1981), our Court determined that the Second Injury Fund law did not apply to an injury that occurred prior to its effective date, January 1, 1981. I agreed with that determination then and still do. Because I believe the provisions in § 81-1313(i) center upon when the claimant sustains his or her injury, not when the amount of impairment is established, I agree to affirm the Commission's decision.