Wilburn FOWLER v. Tom McHENRY, et al.

CA 87-121                                      737 S.W.2d 663

Court of Appeals of Arkansas
Division I
Opinion delivered October 14, 1987

198

*Jay N. Tolley*, for appellant.

*Gerald D. Lee*, for appellee.

JOHN E. JENNINGS, Judge. Appellant, Wilburn Fowler, was a long haul truck driver for McHenry Trucking. On April 21, 1985, Fowler had a heart attack while driving his truck. He returned to work in June 1985, and on September 4, 1985, he suffered an attack of angina.

In an opinion dated August 1, 1986, the administrative law judge held that Fowler's heart attack was compensable. The Commission reversed, holding that Fowler had not met his burden of proving that there was a causal relationship between his employment and the heart attack.

On appeal, Fowler argues that the Commission erred in applying Act 10 of 1986 (Second Extraordinary Session) and that the Commission's decision is not supported by substantial evidence. We disagree and affirm.

In its opinion dated January 29, 1987, the Commission stated:

> In reaching the determination [that the claimant has not sustained his burden of proof], we have weighed the evidence impartially and without giving benefit of the doubt to any party in conformity with Act 10 of 1986.

■ The pertinent provision of that act states:

> Administrative law judges, the Commission, and any reviewing courts shall construe the provisions of this Act liberally, in accordance with the Act's remedial purposes. In determining whether a party has met the burden of proof on an issue, administrative law judges and the Commission shall weigh the evidence impartially and without giving the benefit of the doubt to any party.

Section 15 of the Act, an "emergency clause" in customary language, states:

> It is hereby found and determined by the General Assembly that the increased benefits and improvements in the administration of the Workers' Compensation system in Arkansas is in the best interest of employees, employers, the public in general; therefore, an emergency is hereby declared to exist and this Act, being necessary for the immediate preservation of the public peace, health and safety shall be in full force and effect from and after July 1, 1986.

In the case at bar, Fowler's injury occurred, and his claim was filed, prior to the effective date of the act. The decisions of both the ALJ and the Commission, however, were rendered after the act went into effect.

The question we must answer is whether the legislature intended that the Commission apply the new rule in cases where the injury occurred before the effective date of the act, but which were heard by the Commission after the effective date. The Commission's application of the rule in this case was retrospective in relation to the date of the injury but prospective in relation to the date of the hearing before the Commission.

Before the 1986 amendment, it was the rule that the Commission, in making a factual determination, was to give the claimant the benefit of the doubt. *See, e.g., American Red Cross*

v. *Wilson*, 257 Ark. 647, 519 S.W.2d 60 (1975). This rule apparently was derived from the statutory requirement that the workers' compensation statute be liberally construed and appears to have had its origin in *Boyd Excelsior Fuel Co.* v. *McKown*, 226 Ark. 174, 288 S.W.2d 614 (1956). The concept was cogently criticized in a dissenting opinion in *Boyd*, but it has frequently been repeated by both our supreme court and this court. *See, e.g., O. K. Processing, Inc.* v. *Servold*, 265 Ark. 352, 578 S.W.2d 224 (1979) and *Central Maloney, Inc.* v. *York*, 10 Ark. App. 254, 663 S.W.2d 196 (1984) (in which the history of the rule is discussed).

■ It has also been consistently held, however, that the rule requiring the Commission to resolve doubtful cases in favor of the claimant does not mean that a claimant does not have the burden of proving his case by a preponderance of the evidence. *O. K. Processing, Inc., supra.* We have repeatedly said that the rule of liberal construction is not a substitute for a claimant's burden of establishing an injury by a preponderance of the evidence. *See e.g., Central Maloney, Inc., supra.*

■ Appellant argues that the new legislation is substantive in nature because it changes the burden of proof required of a claimant. As we have seen, however, the burden of proof has always rested upon the claimant and this rule was not affected by the amendment. The Arkansas Supreme Court has said that the rule by which statutes are construed to operate prospectively does not ordinarily apply to procedural or remedial legislation. *Forrest City Machine Works, Inc.* v. *Aderhold*, 273 Ark. 33, 616 S.W.2d 720 (1981); *Harrison* v. *Matthews*, 235 Ark. 915, 362 S.W.2d 704 (1962). In language more clearly applicable to the case at bar the court in *Dargel* v. *Henderson*, 200 F.2d 564 (Emer. Ct. App. 1952) said:

> We think that this conclusion is in accord with the settled rule that changes in procedural or remedial law are generally to be regarded as immediately applicable to existing causes of action and not merely to those which may accrue in the future unless a contrary intent is expressed in the statute.

■ We think that the change brought about by the amendment is fairly characterized as a procedural one. We note that even if the amendment had changed the burden of proof, the

amendment still might be fairly characterized as procedural. In *Forrest City Machine Works, supra*, Justice Hickman, concurring in part and dissenting in part, said:

> The statute simply shifts the burden of proof; the statute is therefore purely remedial and creates no new cause of action. It is a fundamental rule of law that statutes relating only to remedies or modes of procedure are generally held to operate retrospectively.

In determining whether to give a statute retrospective application, courts have frequently followed a "vested right" analysis. *See e.g., Forrest City Machine Works.* In that case the issue was whether to apply a new products liability statute, doing away with the plaintiff's burden of proving negligence in design or manufacture, to an injury occurring after the date of the act, but where the product itself was manufactured long before the act was passed. The court conducted a "vested rights" analysis, while noting the valid criticism of this approach. The court said:

> In this context a vested right exists when the law declares that one has a claim against another, or it declares that one may resist the enforcement of a claim by another.

In the case at bar it is difficult to argue that the claimant has a vested right in the procedure the Commission uses to weigh the evidence. This is particularly so in view of the supreme court's holding in *Buckeye Cotton Oil* v. *McCoy*, 272 Ark. 272, 613 S.W.2d 590 (1981). In that case the court held that although the Commission should view the evidence favorably to the claimant in determining where the preponderance lies, its failure to do so is *not* a basis for appellate reversal.

It is also appropriate to consider the issue of retrospective application from the point of view of fairness, *Forrest City Machine Works, supra*, and from the point of view of the reasonableness of any disappointed expectations, *Adams Nursing Home of Williamstown, Inc.* v. *Mathews*, 548 F.2d 1077 (1st Cir. 1977). From either perspective we cannot say that the Commission's application of the amendment to cases heard after the passage of the act, where the injury occurred prior to passage, is inappropriate.

Appellant cites three cases in support of his position:

*Aluminum Company of America* v. *Neal*, 4 Ark. App. 11, 626 S.W.2d 620 (1982); *Alexander* v. *Lee Way Motor Freight*, 15 Ark. App. 41, 689 S.W.2d 3 (1985); and *A.O. Smith-Inland, Inc.* v. *Dodd*, 15 Ark. App. 108, 690 S.W.2d 367 (1985). We find none of these decisions controlling. In *Neal*, we held that an amendment providing for lump sum attorney's fees was not limited in application only to attorney's fee awards made after the effective date of the act. We said:

> The strict rule of construction contended for does not apply to remedial statutes which do not disturb vested rights, or create new obligations, but only supply a new or more appropriate remedy to enforce an existing right or obligation. These should. . .be given a retrospective effect whenever such seems to have been the intention of the Legislature.

4 Ark. App. at 15, 626 S.W.2d at 622 (quoting *State ex rel Moose* v. *Kansas City & Memphis Railway and Bridge Co.*, 117 Ark. 606, 174 S.W. 248 (1914)).

In *Alexander*, we gave retrospective application to an amendment to the workers' compensation statutes which made it easier for the claimant to obtain a change of physician to a chiropractor. *Dodd* involved an amendment to the portions of the act relating to the application of the second injury fund. The court did hold that the amendments were not applicable to injuries occurring prior to the effective date of the act, but this appears to have been a substantive matter.

Finally, a common-sense reading of the language of the amendment supports the interpretation given to it by the Commission. Had the legislature intended that the new rule be applied only to claims filed after the effective date of the act it could have said so.

We do not intend to imply that we think the amendment affects this court's standard of reviewing the Commission's findings of fact.

■■ Appellant's second argument is that the Commission's finding that there was no causal relationship between appellant's employment and his heart attack is not supported by substantial evidence. On review, we must view the evidence in the

light most favorable to the findings of the Commission and give the testimony its strongest probative force in favor of the Commission's action. *McCollum* v. *Rogers*, 238 Ark. 499, 382 S.W.2d 892 (1964); *Allen Canning Co.* v. *McReynolds*, 5 Ark. App. 78, 632 S.W.2d 450 (1982). We do not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have arrived at the conclusion the Commission reached. *Silvicraft, Inc.* v. *Lambert*, 10 Ark. App. 28, 661 S.W.2d 403 (1983).

A heart attack which occurs on the job may or may not be compensable depending on the circumstances. *See Reynolds Metals Co.* v. *Cain*, 243 Ark. 483, 420 S.W.2d 872 (1967). The burden is on the claimant to show a causal connection between his heart attack and his employment. *Auto Salvage Co.* v. *Rogers*, 232 Ark. 1013, 342 S.W.2d 85 (1961). When it is established that the claimant was putting forth unusual exertion in his work at the time of the heart attack it will ordinarily be held that the requirement of causal connection has been met. *See e.g., Dougan* v. *Booker*, 241 Ark. 224, 407 S.W.2d 369 (1966). Absent "unusual exertion" the applicable test is whether the required exertion producing the injury is too great for the person undertaking the work, whatever the degree of exertion or the condition of his health, provided the exertion is either the sole or a contributing cause of the injury. *Reynolds Metals Co.* v. *Robbins*, 231 Ark. 158, 328 S.W.2d 489 (1959).

The Commission essentially held that the work in which appellant was engaged at the time of his heart attack was not a contributing cause of the attack. Our inquiry on appeal is whether this finding is supported by substantial evidence.

Fowler's heart attack occurred on April 21, 1985. He had left Huntsville, Arkansas, in route to Dallas, Texas, and had driven about three miles when he started having chest pain. There was no indication that on that particular day Fowler had engaged in any particularly stressful activities.

There was evidence that Fowler had done more loading and unloading with fewer layovers since he had begun working for McHenry. There was also evidence, however, that during the three months prior to his heart attack Mr. Fowler's son helped him drive and load.

Medical testimony established that, statistically, truck drivers are more likely to suffer heart attacks than persons in some other occupations. Dr. Inlow attributed this to the "basically unhealthy life style associated with the occupation."

The testimony of the two medical witnesses, Dr. Wilson and Dr. Inlow, was simply inconclusive. Neither could say that Fowler's work was a contributing cause of his heart attack, and neither could say that it was not. Both doctors testified that stress *could* be a factor in bringing about a heart attack, but neither could say that Fowler had been under any stress that could have been a factor in causing his heart attack.

In *Jones* v. *Scheduled Skyways, Inc.*, 1 Ark. App. 44, 612 S.W.2d 333 (1981), there was medical evidence that job related stress was a contributing cause of the claimant's heart attack, and there was medical evidence to the contrary. We held that the question presented was one of fact, within the province of the Commission. In the case at bar the weighing of the medical evidence falls within the province of the Commission. We cannot say that the Commission's finding of a lack of causal connection is unsupported by substantial evidence.

Affirmed.

CORBIN, C.J., and COULSON, J., agree.