ARKANSAS STATE POLICE and Arkansas Insurance
Department *v.* E. Janet WELCH

CA 89-16                                        772 S.W.2d 620

Court of Appeals of Arkansas
Division II
Opinion delivered June 28, 1989

*Richard S. Smith*, Public Employee Claims Division, Arkansas Insurance Dep't, for appellants.

*Richard S. Muse,* for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from the Arkansas Workers' Compensation Commission. Appellants, Arkansas State Police and Arkansas Insurance Department, appeal a decision of the Commission filed October 12, 1988, which awarded appellee wage loss disability benefits and obligated appellants to pay past and future chiropractic treatment by Dr. J.J. Carson. We affirm.

On July 3, 1981, appellee was involved in an automobile accident arising out of and in the course of her employment as a state trooper. Appellee sustained compensable neck and back injuries for which she received medical expenses, appropriate temporary total disability benefits, and a 10% permanent physical impairment rating to the body as a whole. It was determined that appellee's healing period ended September 29, 1986, and she then requested a hearing to determine the extent of her wage loss disability over and above the previously assessed 10% physical impairment rating. Additionally, appellee sought to have appellants pay for past and future treatments by Dr. Carson, a doctor from whom she was receiving chiropractic treatments. The case was heard by the administrative law judge on August 25, 1987, who awarded appellee wage loss benefits of 5% and directed payment of the cost of the chiropractic treatments of Dr. Carson. Appellant appealed to the full Commission, which affirmed the decision of the administrative law judge with one Commissioner dissenting.

Appellants raise the following three points for reversal: (1) The Commission erred in holding that the award of wage loss

disability is not barred by Act 10 of 1986, codified at Arkansas Code Annotated Section 11-9-522(b); (2) there is no substantial evidence of record to support the Commission's finding that appellee is entitled to an award of wage loss disability; and (3) the Commission erred, on both the facts and law, in holding that appellants are obligated to pay charges for past and future chiropractic treatment by Dr. J.J. Carson.

We first address appellants' contention that the court erred in not holding that appellee's wage loss benefits were barred by Act 10 of 1986 because appellee returned to work "at wages equal to or greater than" those she was earning on the day she sustained her compensable injury.

Appellant argues that Act 10 of 1986, codified at Arkansas Code Annotated Section 11-9-522(b) (1987), is remedial or procedural in nature and that a prospective application of the effective date of the act (July 1, 1986) should govern the Commission's October 12, 1988 opinion. Appellants contend that since wage loss cannot be evaluated until the end of a healing period, *Guffey* v. *Arkansas Secretary of State*, 18 Ark. App. 54, 710 S.W.2d 836 (1986), it is not until that time that a claimant has any legal interest in its provisions. Here, appellee's healing period ended September 29, 1986; therefore, appellants argue that her claim should be governed by Section 11-9-522(b) since it had been in effect for approximately two months before appellee's healing period ended. To the contrary, appellee generally argues that the right to wage loss disability benefits is a substantive right which vests at the time of the injury, assuming the claimant can prove entitlement thereto at the appropriate time by a preponderance of the evidence.

The statute in question is set out below:

> (b) In considering claims for permanent partial disability benefits in excess of the employee's percentage of permanent physical impairment, the commission may take into account, in addition to the percentage of permanent physical impairment, such factors as the employee's age, education, work experience, and other matters reasonably expected to affect his future earning capacity. However, so long as an employee, subsequent to his injury, has returned to work, has obtained other employment, or has a bona fide

and reasonably obtainable offer to be employed at wages equal to or greater than his average weekly wage at the time of the accident, he shall not be entitled to permanent partial disability benefits in excess of the percentage of permanent physical impairment established by a preponderance of the medical testimony and evidence.

Ark. Code Ann. § 11-9-522(b) (1987).

In the case at bar, appellee's injury occurred and her claim was filed, prior to the effective date of Act 10 of 1986 (July 1, 1986). However, the decisions of the administrative law judge and the Commission were rendered after the act went into effect. It is well settled that changes in statutes relating only to remedies or procedural matters are generally held to be immediately applicable to existing causes of action and not just to those which may accrue in the future unless a contrary intent is expressed in the statute. *Fowler* v. *McHenry*, 22 Ark. App. 196, 737 S.W.2d 663 (1987). However, any changes in statutes relating to vested rights are characterized as substantive and require application of the law as it existed at the time the claimant sustained a compensable injury. *See id.* A vested right exists when the law declares that one has a claim, or that one may resist enforcement of a claim. *Forrest City Mach. Works, Inc.* v. *Aderhold*, 273 Ark. 33, 616 S.W.2d 720 (1981).

Here, the Commission found that the change in Act 10 of 1986, codified at Arkansas Code Annotated Section 11-9-522(b) is substantive in nature because the statute "deals not with the procedure for enforcing a remedy provided under the Workers' Compensation Act but rather with the substance of the remedy itself, i.e., entitlement to an award of wage loss benefits." The Commission discussed other cases holding that changes in the Act were procedural thereby allowing an immediate application of the statute as amended. In this regard, the Commission stated that the case at bar is different from:

> *Popeye's Famous Fried Chicken* v. *Willis*, 7 Ark. App. 167, 646 S.W.2d 17 (1983) and *Alexander* v. *Lee Way Motor Freight*, 15 Ark. App. 41, 689 S.W.2d 3 (1985), which deal with the *procedure* for enforcing the already-existing right to a change of physician. It likewise differs from *Aluminum Company of America* v. *Neal*, 4 Ark.

App. 11, 626 S.W.2d 620 (1982), which discusses the *procedure* for enforcing the extant right to attorney's fees. Welch's case is patently distinguishable from *Fowler* v. *McHenry*, 22 Ark. App. 196, 737 S.W.2d 663 (1987), which considered only the burden of proof provisions of Act 10. Since distribution of the burden of proof is clearly a procedural matter, *Fowler* is not controlling as to the *substantive* provisions of Act 10.

The Commission then concluded that the "provision of Act 10 of 1986 denying wage loss benefits to one who resumes work at the same or greater wages applies only to those persons who were injured on or after its effective date of July 1, 1986." The Commission then awarded appellee wage loss disability benefits by applying the law as it existed at the time appellee sustained her injury. The law at that time recognized that a claimant might suffer a wage loss capacity yet return to work earning higher wages than before the injury due to cost-of-living increases. *See City of Fayetteville* v. *Guess*, 10 Ark. App. 313, 663 S.W.2d 946 (1984).

■ Our review of this record persuades us that the Commission correctly concluded that appellee's award of wage loss disability is not barred by Act 10 of 1986.

Appellants next contend that there is no substantial evidence of record to support the Commission's finding that appellee is entitled to an award of 5% wage loss disability.

■ While we agree with appellant's contention that appellee had the burden of proving her entitlement to wage loss disability by a preponderance of the evidence, *Bragg* v. *Evans-St. Clair, Inc.*, 15 Ark. App. 53, 688 S.W.2d 956 (1985), we do not agree that the Commission erroneously found that appellee met that burden entitling her to such an award. Evidence was presented at the hearing regarding appellee's medical treatment. It was undisputed that appellee was treated by both an orthopedic surgeon and a chiropractor for her work-related injuries. The surgeon assigned appellee the anatomical impairment rating of 10% and opined that prolonged sitting as required by appellee's job as a state trooper would aggravate her condition. The chiropractor advised against repetitive or heavy lifting and frequent bending at the waist.

Appellee's testimony reveals that she experiences difficulty and pain in performing the duties required of her in her job as a trooper, such as prolonged sitting while driving her vehicle, arresting unwilling suspects, and heavy lifting. Appellee also testified that her marksmanship scores decreased due to her neck and back problems and she was thereafter dismissed from the SWAT team. The testimony of appellee's husband was generally corroborative of appellee's testimony to the effect that she is in constant pain which affects their family life. A counselor for Arkansas Rehabilitation Services testified that appellee will have difficulty seeking future employment because of her injuries. His testimony revealed that due to appellee's compensable injury, she will be unable to return to work in her former capacity as an assembly line worker due to the prolonged sitting and repetitive arm movements. Also, he opined that she would be unable to return to work she once performed as a waitress due to the heavy lifting and bending required of that job.

■■ In reviewing the evidence, the appellate court gives it its strongest probative force in favor of the Commission's findings and will affirm if fair-minded persons with the same set of facts before them could have reached the conclusion reached by the Commission. *Marrable v. Southern LP Gas, Inc.*, 25 Ark. App. 1, 751 S.W.2d 15 (1988). Here, in rendering its decision that appellee sustained a loss of earning capacity entitling her to a 5 % wage loss award, the Commission considered all evidence of record, including the medical evidence. In granting the award, the Commission also took into consideration that appellants presented no evidence to rebut appellee's medical evidence. The Commission concluded:

> Although Welch is young (34) and finished high school, she is now disqualified from clerical chores involving prolonged sitting, from heavy manual labor, and from the more strenuous assignments of a police officer.

Giving the strongest probative force to the Commission's findings, we cannot say that fair-minded persons with the same facts before them could not reach the conclusion reached by the Commission and we, therefore, affirm on this point.

Lastly, we address appellants' contention that the Commission erred in holding that appellants are obligated to pay charges

for past and future chiropractic treatment by Dr. Carson. In this regard, appellants contend that Dr. Carson's treatments were unauthorized because appellee did not follow the change of physician procedure as required by the workers' compensation act. The reasoning advanced by the Commission in awarding the chiropractic services of Dr. Carson is as follows:

> Public Employee Claims Division also complains that Welch consulted Dr. Carson without following the change of physician procedure. However, this objection was waived by the decision to pay all medical incurred to him through November 18, 1985. By failing to contest part of his expenses, the employer has accepted Dr. Carson as an authorized treating physician and is estopped to say now that his treatment is not authorized. Welch made a *prima facie* case of reasonableness and necessity when she testified that she was receiving some relief from chiropractic manipulations. Although Dr. Kleinhenz prescribed medication and physical therapy, the circumstances of this case make the use of medication unwise. Because of the nature of Welch's work — long hours of driving and the alertness required of a law enforcement officer — she is precluded from the use of medication. While Dr. Kleinhenz had good intentions, we find that Welch has correctly chosen to seek treatment not utilizing medication because of the nature of her job duties. The choice of chiropractic treatment, as a reasonable alternative to the medication and physical therapy suggested by Dr. Kleinhenz, constitutes a compelling reason or circumstance justifying the change of physician, so long as the treatments remain reasonable and necessary.

Viewing all evidence of record in the light most favorable to the findings of the Commission and deferring to the Commission's superior position to resolve conflicts, we find substantial evidence to support the Commission's award of chiropractic treatments for appellee by Dr. Carson.

Affirmed.

JENNINGS and MAYFIELD, JJ., agree.