## Milton Wayne DRISCOLL *v.* OKLAHOMA GAS & ELECTRIC COMPANY, SELF INSURED

CA 88-428                                    775 S.W.2d 84

Court of Appeals of Arkansas
Division I
Opinion delivered September 6, 1989

*Gean, Gean & Gean,* by: *Lawrence W. Fitting,* for appellant.

*Thompson, Paddock & Llewellyn, P.A.,* by: *William P. Thompson,* and *Richard L. Spearman,* for appellee.

JOHN F. JENNINGS, Judge. The claimant, Wayne Driscoll, began working for Oklahoma Gas and Electric Company in 1979. He was originally a meter reader and later worked in a storeroom. It was stipulated that on June 11, 1986, Driscoll sustained a compensable back injury while lifting a ramp. He was seen by Dr. Jean-Pierre Michaud who diagnosed him as having "an abnormality at L5-S1 disc space with bulging and possible small herniation in that area." Dr. Michaud released Driscoll to return to light work on November 9, 1986, and eventually estimated his anatomical impairment at ten percent to the body as a whole.

In May 1987, Driscoll lifted a "hand coil" weighing more than twenty-five pounds and experienced back pain again. He saw Dr. Michael Brown who made a diagnosis of degenerative disc disease and eventually assigned an anatomical rating of five percent.

The Commission awarded Driscoll permanent partial disability benefits in an amount equal to five percent of the body as a whole. The Commission also held that Driscoll was not entitled to

any wage loss disability because he quit his job without good cause. In so holding the Commission relied on Ark. Code Ann. § 11-9-522(c) (1987), which provides:

> (c)(1) The employer or his workers' compensation insurance carrier shall have the burden of proving the employee's employment, or the employee's receipt of a bona fide offer to be employed, at wages equal to or greater than his average weekly wage at the time of the accident.
>
> (2) Included in the stated intent of this section is to enable an employer to reduce or diminish payments of benefits for a functional disability, disability in excess of permanent physical impairment, which, in fact, no longer exists, or exists because of discharge for misconduct in connection with the work, or because the employee left his work voluntarily and without good cause connected with the work.

On appeal, Driscoll contends that the Commission's finding that he quit work without good cause is not supported by substantial evidence and that the Commission erred as a matter of law in applying § 11-9-522(c)(2) in his case, because his injury occurred prior to July 1, 1986, the effective date of the act. Because we agree with the claimant's second contention, it is unnecessary to discuss the first.

The appellee argues that the issue is controlled by *Fowler* v. *McHenry*, 22 Ark. App. 196, 737 S.W.2d 663 (1987). In *Fowler*, the question was whether the statute now codified at Ark. Code Ann. § 11-9-704(c)(4) (1987) (also enacted as part of Act 10 of 1986) would be applied retrospectively. The code section we were concerned with in *Fowler* provided in part, "In determining whether the party has met the burden of proof on an issue, administrative law judges and the Commission shall weigh the evidence impartially and without giving the benefit of the doubt to any party." 22 Ark. App. at 199. In *Fowler* we held that the Commission should apply the rule to cases heard after July 1, 1986, the effective date of the act, regardless of the date of the injury, because the amendment is properly characterized as procedural in nature.

In *Arkansas State Police* v. *Welch*, 28 Ark. App. 234, 772

S.W.2d 620 (1989), the issue was whether Ark. Code Ann. § 11-9-522(b) (1987) should be applied retrospectively in relation to the date of the injury. That subsection provides:

> (b) In considering claims for permanent partial disability benefits in excess of the employee's percentage of permanent physical impairment, the commission may take into account, in addition to the percentage of permanent physical impairment, such factors as the employee's age, education, work experience, and other matters reasonably expected to affect his future earning capacity. However, so long as an employee, subsequent to his injury, has returned to work, has obtained other employment, or has a bona fide and reasonably obtainable offer to be employed at wages equal to or greater than his average weekly wage at the time of the accident, he shall not be entitled to permanent partial disability benefits in excess of the percentage of permanent physical impairment established by a preponderance of the medical testimony and evidence.

In *Welch* the claimant was injured in 1981, and the case was heard by the full Commission in 1988. The Commission held that Ark. Code Ann. § 11-9-522(b) was substantive in nature because the statute "deals not with the procedure for enforcing the remedy provided under the Workers' Compensation Act, but rather with the substance of the remedy itself, i.e., entitlement to an award of wage loss benefits." 28 Ark. App. at 237. The Commission distinguished *Fowler* because that case dealt with a portion of Act 10 that was procedural in nature. The Commission concluded that "the provision of Act 10 of 1986, denying wage loss benefits to one who resumes at the same or greater wages, applies only to those persons who were injured on or after its effective date of July 1, 1986." 28 Ark. App. at 238. We agreed with the Commission and affirmed. We said, "[A]ny changes in statutes relating to vested rights are characterized as substantive and require application of the law as it existed at the time the claimant sustained a compensable injury." 28 Ark. App. at 237.

*Welch* cannot be distinguished from the case at bar and is controlling. Subsections (b) and (c) of Ark. Code Ann. § 11-9-522 are obviously related to one another. Each subsection authorizes a denial of an award for wage loss disability under

stated circumstances. Because the primary injury in this case occurred prior to the effective date of the act, Ark. Code Ann. § 11-9-522(c)(2) should not have been applied. This case is remanded to the Commission for consideration of the issue of wage loss disability.

Reversed and remanded.

CORBIN, C.J., and CRACRAFT, J., agree.