The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, Arkansas 72116
Dear Representative Vess:
This letter is a response to your request for an opinion regarding a municipal judge's participation in the Arkansas Public Employees' Retirement System (APERS). You have indicated that the individual in question is an employee of the Workers' Compensation Commission and has accrued seventeen years of credit in APERS for service since 1977. He has also served as a municipal judge in Maumelle, Arkansas since 1987. (Maumelle has a local retirement plan that is authorized by state law.) You state that APERS has notified the individual that it has reduced his seventeen years of credit by the number of years that he has served as a municipal judge in Maumelle, and that APERS will continue to disallow credit for APERS benefits as long as the individual serves as municipal judge.
On the basis of these facts, you have presented the following specific questions:
 (1) Is the municipal judge deemed "eligible" for the local retirement system even though he has not met all the requirements for vesting?
 (2) If the municipal judge never vests under the local retirement system, is it appropriate to restore the years of credit in APERS which were previously subtracted?
 (3) Does the municipal judge have the option to choose which system he wishes to participate in, assuming he cannot participate in both retirement plans; and, if so, when must that option be made?
 (4) Does the denial of participation in both the local retirement plan, which does not involve state funding, and APERS violate any provision of the Arkansas or U.S. Constitution?
 (5) Act 1356 of 1995 permits the vesting of APERS benefits after five years of service. If a state employee discontinues service before the effective date of Act 1356 of 1995, but has accrued five or more years of credited service at the time of termination of employment, will the employee be eligible for retirement benefits under APERS after the effective date of Act 1356 of 1995, even though he also qualifies for a local municipal judge retirement plan?
RESPONSE
Question 1 — Is the municipal judge deemed "eligible" for the localretirement system even though he has not met all the requirements forvesting?
It is my opinion that the municipal judge[1] is deemed "eligible" for the local retirement system even though he has not met all the requirements for vesting.
I assume that in using the phrase "eligible for the local retirement system," you are referring to eligibility to participate in, or to be a member of, the local retirement system. The question of whether the municipal judge is eligible to participate in the local system is pertinent to the question of whether he has been properly excluded from participation in APERS. In defining the term `employees' for purposes of determining who is eligible to participate in APERS, A.C.A. § 24-4-101(7) states: "[T]he term `employees' shall not include persons who are members of, or who are eligible for benefits under or membership in, any other retirement system, excepting federal Social Security, which retirement system is supported by state funds or is authorized by the laws of the state."
The retirement system for municipal judges is authorized by A.C.A. §§24-8-301 et seq. Sections 306, 307, 308, 309, 310, 314, 405, 406, 407, and 501 set forth the various circumstances under which benefits from the local systems can actually be collected. The fact circumstances that are set forth in those sections do not describe mere eligibility to participate in the local systems; they describe full eligibility to collect benefits from the local systems.
In my opinion, general eligibility to participate in those systems is addressed in A.C.A. §§ 24-8-305 and 404, although both of those sections purport to address general "entitlement to benefits."
Section 305 states:
 (a) Any judge, licensed to practice law, of a municipal court established in any county . . . shall be entitled to the benefits prescribed in this subchapter for such judges.
 (b) Any judge of a municipal court who is not licensed to practice law shall be entitled to the benefits prescribed in § 24-8-310.
A.C.A. § 24-8-305.
Section 404 states:
 Any judge of a municipal court or county municipal court, licensed to practice law, established in any county having a population of one hundred fifty thousand (150,000) or more persons, according to the most recent federal census, in which county there are two (2) or more municipal courts . . . shall be entitled to the benefits established by this subchapter.
A.C.A. § 24-8-404.
Despite the fact that these sections purport to address "entitlement to benefits," they clearly do not describe the class of persons who may actually collect benefits currently, because they describe a class of persons much broader than the substantially more limited class set forth in the "eligibility for collection" provisions cited above. (Indeed, they describe a class including persons who are neither retired nor even vested in the local system.) I therefore conclude that sections 305 and 404, rather than describing the class of persons who are currently entitled to benefits, describe the class of persons who may begin to meet the requirements that will eventually entitle them to collect benefits. This is the class of persons who are "eligible" for the system. That class includes "any judge of a municipal court." Accordingly, the individual about whom you have inquired, being a judge of a municipal court, would be a member of this class, and would therefore be "eligible" for the local system.
Question 2 — If the municipal judge never vests under the localretirement system, is it appropriate to restore the years of credit inAPERS which were previously subtracted?
It is my opinion that if the municipal judge in question never vests in the local system, and if the judge was actually removed from membership
in APERS (which would consist of more than simply having years of credit suspended), it can be appropriate, under certain circumstances, to restore his years of credit in APERS that were previously subtracted.
This issue is governed by A.C.A. § 24-4-739(a)(2), which allows for re-joining APERS after having been removed. It states:
 Any employee as listed in subdivision (a)(1) [section (a)(1) lists various municipal employees, including municipal judges] who, prior to this section, has been removed from membership in the Arkansas Public Employees' Retirement System because of eligibility for membership in another system established pursuant to state law or any member of a reciprocal retirement system may restore the refunded service and establish subsequent service by paying or causing to be paid to the Arkansas Public Employees' Retirement System the refunded contributions and the legally required contributions for subsequent service.
A.C.A. § 24-4-739(a)(2).
It should be noted that this allowance for re-joining APERS appears to be conditioned first upon the employee in question having actually been removed from membership in APERS, and second, upon the removal from APERS having occurred "prior to" § 739. Presumably, the phrase "prior to" means prior to the enactment of § 739. Section 739 was enacted in 1991.[2]
It should also be noted that under no circumstances may the employee be allowed credit in two different systems for the same time period of service. See A.C.A. § 24-4-739(a)(3).
Your correspondence does not indicate whether the municipal judge in question was actually removed from membership in APERS, and if so, when he was removed. If he was actually removed from membership in APERS prior to 1991, and is no longer eligible to participate in a local plan, he may now opt to restore his APERS credit by paying the requisite amounts. Under these circumstances, therefore, it would be appropriate to restore his years of credit in APERS that were previously subtracted, provided that he is not given credit under the local system for any of the time period for which credit in APERS is being restored.
It is my opinion that if the judge in question was not actually "removed from membership" in APERS, but rather, only had years of credit suspended, the years of suspended credit cannot be restored.
Question 3 — Does the municipal judge have the option to choose whichsystem he wishes to participate in, assuming he cannot participate inboth retirement plans; and, if so, when must that option be made?
It is my opinion that the municipal judge in question does not have the option to choose which system he wishes to participate in.
I have previously opined that municipal judges who are eligible to participate in local retirement plans must participate in those plans as opposed to participating in APERS, unless they were eligible to make an election to remain in APERS pursuant to A.C.A. § 24-8-312, and did make such an election prior to the election deadline. See Attorney General Opinion No. 88-340, a copy of which is attached. This reasoning would also apply to an election that could have been made pursuant to A.C.A. §24-4-739(d).
Although A.C.A. § 24-4-739(a)(1) does provide for an election by certain municipal judges, it does not apply to the judge about whom you have inquired. This section applies only to employees who were "erroneously enrolled" in APERS. This provision does not include employees who, butfor their eligibility in a local plan, would have been able to participate in APERS (under A.C.A. § 24-4-101(7)(B)). Rather, it refers only to employees who were enrolled in APERS, but who actually should not have been able to participate in APERS even if they had not been eligible for a local plan.
Because the judge about whom you have inquired was a state employee during the time period in question, he was not "erroneously enrolled" in APERS during that time. That is, but for his eligibility for a local plan, he could have participated in APERS. Therefore the election option provided in A.C.A. § 24-4-739(A)(1) is not available to this judge. Moreover, no other election options are available to him.
Finally, A.C.A. § 24-8-315(f) provides that a municipality may choose to place a municipal judge in APERS; however, this is a choice that is given to the municipality, not to the judge.
Question 4 — Does the denial of participation in both the localretirement plan, which does not involve state funding, and APERS violateany provision of the Arkansas or U.S. Constitution?
It is not clear whether you are asking about a situation involving the denial of participation in both plans at the same time, or about a situation involving the denial of participation in either plan (meaning that the employee in question could not participate in a plan at all.)
If your question contemplates the denial of participation in both plans at the same time, it is my opinion that no constitutional provisions would be implicated by such denial.
However, if your question contemplates the denial of participation ineither plan, certain constitutional arguments could conceivably be applicable to the situation.
You have not stated the basis upon which the judge could be denied the right to participate in either plan. Without this information, I am unable to analyze the question of whether such denial would be unconstitutional. However, I will note briefly some of the possible constitutional issues that could arise out of the situation.
The judge may be able to base a constitutional challenge to a denial of participation in either plan upon the U.S. and Arkansas constitutional principles prohibiting the impairment of contract rights. See
U.S. Const., art. 1, § 10; Ark. Const., art. 2, § 17. In order to make such a constitutional argument successfully, it would be necessary for the judge to establish first a contractual right to participate[3]
in the plans (or in at least one of them). This would not be difficult, given the fact that the Arkansas Supreme Court has embraced the theory that a public employee, by accepting the terms and conditions of a law that provides for pensions to participating employees, enters into a contractual relationship with the public entity who passed the law.See Jones v. Cheney, 253 Ark. 926, 489 S.W.2d 785 (1973),citing Anders v. Nicholson, 111 Fla. 849, 150 So. 639
(1933).
It would then be necessary for the judge to establish that some law operated retroactively so as to prohibit his participation in both plans. Again, without knowing the basis for the denial of his participation, I am unable to analyze the possible validity or success of such an argument. The legal theory, at least, would be supported by Arkansas precedent. The Arkansas Supreme Court held, in Cheney, supra, and in Pylev. Webb, 253 Ark. 940, 489 S.W.2d 796 (1973), that legislation which operated retroactively to interfere with existing contractual rights violated the constitutional prohibition against the impairment of contractual rights. Cheney and Pyle involved employees who were fully vested in retirement systems, rather than employees who simply had a contractual right to participate in a retirement system. Nevertheless, those cases do stand for the proposition that legislation which operates retroactively to divest previously existing contractual rights violates the constitutional principle prohibiting the impairment of contract.
Another constitutional principle that could conceivably be applicable to the situation is the principle of due process. See U.S. Const., amend. XIV, § 1; Ark. Const., art. 2, § 22. For example, if the judge was not given adequate notice of his removal from APERS and an opportunity to elect under A.C.A. § 24-4-739(a)(1), he may have been denied constitutional due process. Again, though, I cannot analyze the applicability of this theory without more information.
Question 5 — Act 1356 of 1995 permits the vesting of APERS benefits afterfive (5) years of service. If a state employee discontinues servicebefore the effective date of Act 1356 of 1995, but has accrued five (5)or more years of credited service at the time of termination ofemployment, will the employee be eligible for retirement benefits underAPERS after the effective date of Act 1356 of 1995, even though he alsoqualifies for a local municipal judge retirement plan?
It is my opinion that under the scenario you have described, the state employee cannot become eligible for benefits under APERS after the effective date of Act 1356.
I have reached this conclusion by reference to the well established principles governing the retroactive operation of legislation. To apply Act 1356 of 1995 to the employee whom you have described would amount to an inappropriate retroactive operation of the act.
The applicable principles can be summarized as follows: Legislation is presumed to operate prospectively only, unless a legislative intent to the contrary is expressly stated. Legislation may, however, operate retroactively in situations where the legislation is procedural rather than substantive. See, e.g., French v. Grove Mfg. Co., 656 F.2d 295 (8th Cir. 1981). The Arkansas Supreme Court has described procedural legislation as being legislation that supplies new, different, or more appropriate remedies; substantive legislation is that which creates new rights or extinguishes old ones. Gannett River States Pub. Co. v.Arkansas Indust. Development Com'n, 303 Ark. 684, 799 S.W.2d 543 (1990). Substantive legislation is also that which creates new obligations.Alexander v. Lee Way Motor Freight, 15 Ark. App. 41, 689 S.W.2d 3
(1985).
Act 1356 of 1995 contains no expression of legislative intent for the Act to operate retroactively. Therefore I must presume that it was intended to operate prospectively only, unless it can be determined that its provisions are procedural rather than substantive. In my opinion, Act 1356 creates new rights as well as new obligations. Accordingly, I conclude that its provisions are substantive rather than procedural, and must operate prospectively only.
Although under the provisions of A.C.A. § 23-4-206 (which Act 1356 of 1995 amends), an employee can terminate employment before retirement age and still collect benefits from APERS, the right to do so is conditioned upon his having vested at the time he terminated his employment. In order to determine that the employee in your question had vested at the time he terminated employment, it would be necessary to apply Act 1356 of 1995 retroactively. I therefore conclude that this employee cannot become eligible for retirement benefits from APERS.
Your question brings out a point that I believe is important to address. Although the employee whom you have described would be ineligible for benefits because he terminated employment prior to vesting, an employee who validly participates and vests in APERS can collect APERS benefits even though he is later eligible to participate in another plan. The law prohibits crediting the same service time to two different state funded or state authorized plans (see A.C.A. § 24-4-739(a)(3)); it does not prohibit participation in another state plan after vesting in APERS. As long as the employee was validly participating in APERS (i.e., not eligible for another plan, see A.C.A. § 24-4-739) during the years for which he seeks to collect benefits, there is no provision in the law that would prohibit him from collecting APERS benefits when appropriate, even though he later became eligible for another plan.
But again, the employee about whom you have inquired did not vest prior to terminating employment, and would therefore be ineligible for APERS benefits regardless of whether he was or was not later eligible for another plan.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SA/cyh
[1] Although for the sake of form this opinion will address your questions in reference to the individual municipal judge in question (because the questions were stated thus), the answers should, in fact, be deemed to have general applicability to all other individuals to whom the same facts apply.
[2] The rationale for the time limitation of § (a)(2) is likely the fact that under § (a)(1), an employee who is notified that he is erroneously enrolled in APERS because of eligibility for another retirement system can elect to remain a member of APERS. Because this § (a)(1) option was not available "prior to" § 739, but is now available, the § (a)(2) "re-joining" option is limited to the time period employees who were removed during the time period before the § (a)(1) option was available — i.e., prior to the enactment of the section.
[3] In my opinion, the judge could not establish a contractual right tovest in a plan. No employee has a protectable right to vest in any retirement system. They may, however, have a protectable right to participate in the various systems.