Hunter WASSON and ROCKWOOD INSURANCE COMPANY *v.* Clinton LOSEY

CA 84-11                                                 669 S.W.2d 516

Court of Appeals of Arkansas
Division I
Opinion delivered May 30, 1984

*Walter A. Murray,* for appellant.

*Whetstone & Whetstone,* by: *Bud Whetstone,* for appellee.

DONALD L. CORBIN, Judge. Appellants, Hunter Wasson and Rockwood Insurance Company, appeal a decision of the Workers' Compensation Commission which allowed payment of nursing services to appellee's wife. We affirm as modified.

Appellants contend in their first point for reversal that the Commission erred by failing to allow a contract for nursing services entered into between appellee's wife and appellants to stand as a valid and enforceable agreement.

The Commission adopted the decision of the Administrative Law Judge who awarded the payment of nursing services to Mrs. Losey for the benefit of her husband, appellee Clinton Losey. The Administrative Law Judge calculated all nursing service benefits using minimum wage rates in effect at the time the services were rendered as follows: nursing service benefits provided by appellee's wife during appellee's hospitalization at Arkansas Rehabilitation Institute for 8 hours per day, 7 days per week; nursing service benefits for 24 hours per day, 7 days per week from May 29, 1980, until September 1, 1980; nursing service benefits for 12 hours per day, 7 days per week from September 1, 1980, until January 1, 1981; nursing service benefits for 8 hours per day, 7 days per week from January 1, 1981, until October 1, 1981; and nursing service benefits for 4 hours per day, 7 days per week for a period of time yet to be determined after October 1, 1981.

The Administrative Law Judge determined that the contract entered into by appellants and appellee's wife was an attempt on the part of appellants to circumvent or abrogate appellee's rights under Ark. Stat. Ann. § 81-1311 (Supp. 1983). The Administrative Law Judge disallowed the contract in toto on a finding that Ark. Stat. Ann. § 81-1320(a) (Supp. 1983), was controlling, which provides as follows:

No agreement by an employee to waive his right to compensation shall be valid, and no contract, regulation, or device whatsoever, shall operate to relieve the employer or carrier, in whole or in part, from any liability created by this Act (§§ 81-1301—81-1349), except as specifically provided elsewhere in this Act. . . .

Ark. Stat. Ann. § 81-1311 (Supp. 1983), the statute providing for nursing services, states in part:

The employer shall promptly provide for an injured employee such . . . nursing service . . . as may be reasonably necessary for the treatment of an injury received by the employee . . .

All persons who render services or provide things mentioned herein shall submit the reasonableness of the charges to the Commission for its approval, and when so approved, shall be enforceable by the Commission in the same manner as is provided for the enforcement of compensation payments, *but the foregoing provisions relating to charges shall not apply where a written contract exists between the employer and the person who renders such service or furnishes such things* . . . (emphasis ours)

We believe the above is authority for the proposition that a provider of services to a claimant, in this instance appellee's wife, is free to contract with an employer or carrier for services rendered or goods supplied. The record clearly demonstrates that appellee's wife instituted the negotiations with appellants for the payment of nursing care provided by her to appellee. She bargained and compromised an agreement by letter dated May 29, 1980, which provided, among other things, for appellants to pay her $100.00 per week for nursing care to appellee Clinton Losey. Based upon Dr. Flanigan's report dated April 30, 1981, appellants terminated the $100.00 weekly payment to appellee's wife on May 15, 1981.

There was no evidence to establish that appellee did not

receive adequate nursing care services by his wife. It is clear appellee received all of the nursing services which he required. Accordingly, we hold that the Commission erred in refusing to allow the contract to stand as a valid and enforceable agreement between the parties. We, therefore, modify its decision to the effect that appellants are only responsible for nursing care benefits at the contracted rate of $100.00 per week for the term of the contract, May 29, 1980, to May 15, 1981.

Appellants' second contention for reversal is that the Commission erred in granting compensation to Mrs. Losey for her nursing services to appellee after May 15, 1981, and in granting an award for nursing services for the period appellee was hospitalized at the Arkansas Rehabilitation Institute. We find no error on this point.

As noted in appellants' first point, the contract was terminated effective May 15, 1981. Appellants had a responsibility to provide such nursing services for appellee as were reasonably necessary pursuant to statute. It is the prerogative of the Commission to determine from a preponderance of the evidence whether or not the charges were reasonably necessary. Furthermore, it is well settled that the Commission has the authority to accept or reject medical opinion and the authority to determine its ". . . medical soundness and probative force . . ." *Barksdale Lumber Co. v. McAnally,* 262 Ark. 379, 557 S.W.2d 868 (1977). Dr. Flanigan, appellee's physician, testified that Mrs. Losey's presence was necessary for appellee's therapy at the Arkansas Rehab Institute and that her continued nursing services were needed on a more limited basis thereafter. The Commission also had the benefit of the testimony of appellee, his wife, and the physical therapist in regard to the extent of nursing care needed by appellee on a daily basis. We find substantial evidence to support the Commission's award of nursing services provided by Mrs. Losey to appellee at prevailing minimum wage rates from May 15, 1981, up to and following a period of time yet to be determined after October 1, 1981. We also find substantial evidence to support the Commission's award of nursing care benefits provided by appellee's wife while appellee was a patient at Arkansas

Rehab Institute insofar as this rehabilitation pre-dated the contract between appellants and appellee's wife. We, therefore, affirm on this issue.

Finally, appellants contend that appellee should not have been allowed to amend his claim to include nursing services provided by his wife while he was hospitalized. The amendment was made near the end of the hearing before the Administrative Law Judge. Appellants argue that the amendment both surprised and prejudiced them. We agree with the Commission's finding that appellants had not demonstrated ". . . any prejudicial effect of this belated contention." The Commission further noted that no request for an immediate ruling was made at that time. In any event, the question of nursing services was not an incidental part of the claim. It was the very essence of the proceedings. We affirm on this point.

Affirmed as modified.

MAYFIELD, C.J., and GLAZE, J., agree.