Jimmy R. MARRABLE *v.* SOUTHERN LP GAS,
INC., et al.

CA 87-308                              751 S.W.2d 15

Court of Appeals of Arkansas
En Banc
Opinion delivered June 8, 1988

*Compton, Prewett, Thomas & Hickey, P.A.*, for appellant.

*Walter A. Murray*, for appellees.

DONALD L. CORBIN, Chief Judge. Appellant, Jimmy R. Marrable, appeals from a decision of the Arkansas Workers' Compensation Commission, which reversed and vacated an opinion of the Administrative Law Judge that awarded appellant permanent total disability benefits and a controverted attorney's

fee thereon. We affirm.

It is undisputed that appellant sustained a compensable injury on June 11, 1977, and was awarded 45% permanent partial disability benefits (25% anatomical and 20% wage loss) on March 30, 1982. In 1986, appellant sought permanent total disability benefits which were granted by the Administrative Law Judge. This award was appealed to the full Commission. The Commission's order dated June 17, 1987, recited its findings and concluded that appellant had not established a sufficient change in physical condition to justify an increase in disability benefits under Ark. Code Ann. § 11-9-713 (1987) (formerly Ark. Stat. Ann. § 81-1326 (Repl. 1976)).

For reversal, appellant argues that the full Commission erred when it overturned the decision of the Administrative Law Judge and held that claimant failed to prove by a preponderance of the evidence that his condition had worsened.

In support of his argument, appellant contends that it was the duty of the Commission to make findings of fact based on the preponderance of the evidence. While the Commission is required to make findings by that standard, on appellate review we seek only to determine whether its findings are supported by substantial evidence. In reviewing the evidence, we give it its strongest probative force in favor of the Commission's findings and will affirm if fair-minded persons with the same set of facts before them could have reached the conclusion reached by the Commission. *Silvicraft, Inc.* v. *Lambert*, 10 Ark. App. 28, 661 S.W.2d 403 (1983). Moreover, the question for the appellate court is not whether the evidence would have supported findings contrary to the ones made by the Commission, but whether the evidence supports the findings made. *Massey Ferguson, Inc.* v. *Flenoy*, 270 Ark. 126, 603 S.W.2d 463 (1980).

Appellant acknowledges that a decision of the Workers' Compensation Commission is entitled to the weight of a jury verdict, *Cooper Industrial Products, Inc.* v. *Worth*, 256 Ark. 394, 508 S.W.2d 59 (1974); however, he argues that like a jury verdict, the decision of the Commission cannot be sustained if based solely upon speculation and conjecture. *Thomas* v. *Southside Contractors, Inc.*, 260 Ark. 694, 543 S.W.2d 917 (1976). Here, appellant first asserts that the Commission's decision is based purely on

speculation and conjecture because the medical evidence was not carefully analyzed.

The medical evidence of record reveals that in 1985, appellant's attorney requested a medical assessment of appellant's disability rating. Pursuant to this request, Dr. W.S. Bundrick, appellant's treating physician, and Dr. John L. Wilson examined appellant in February/March of 1985. Dr. Bundrick opined that appellant's original 25% impairment rating was correct while Dr. Wilson opined that appellant's rating was 40%. Approximately one year later on March 3, 1986, Dr. Bundrick responded to another inquiry from appellant's attorney stating that appellant's rating "could be" increased up to 30-35% due to persistent arachnoiditis with nerve root deficit in the right leg, along with degenerative disc changes.

In making its findings, the Commission pointed out that Dr. Bundrick had the opportunity to observe appellant over a period of years while Dr. Wilson had never seen appellant prior to the 1985 examination. The Commission found both doctors credible but noted that the different degrees of anatomical impairments assessed by each doctor in 1985 represented a difference of medical opinion. The Commission did not accept Dr. Bundrick's 1986 report as persuasive medical evidence of a changed physical condition because appellant's leg injury is a scheduled injury not apportionable to the body as a whole without permanent total disability. Secondly, the Commission stated that the degenerative disc changes discussed in this report are part of the normal aging process and not compensable. The Commission was not persuaded that Dr. Bundrick definitely intended to increase appellant's rating because he used the phrase "could be" increased which the Commission felt was a concession made to placate counsel.

It is well settled that the Commission has the authority to accept or reject medical opinion and the authority to determine its medical soundness and probative force. *Wasson* v. *Losey*, 11 Ark. App. 302, 669 S.W.2d 516 (1984). The testimony of medical experts is an aid to the Commission in its duty to resolve issues of fact. It has a duty to use its experience and expertise in translating that testimony into findings of fact. *Bearden Lumber Co. v. Bond*, 7 Ark. App. 65, 644 S.W.2d 321

(1983). It is the responsibility of the Commission to draw inferences when the testimony is open to more than a single interpretation, whether controverted or uncontroverted; and when it does so, its findings have the force and effect of a jury verdict. *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979). Although the Commission did give consideration to the medical reports, there was other evidence from which it could, and did, find that appellant had not established a change in physical condition sufficient to reopen his claim. In reversing the decision of the ALJ, the Commission stated:

> In addition to the medical evidence, Marrable testified regarding his condition, and it was stipulated that his wife would have corroborated his testimony. Marrable insists that he now feels "worse" in general but admitted that he no longer uses a back brace or TENS units. Although he now undergoes cortisone injections, he has dropped the physical therapy sessions. He takes the same medication that he was taking originally. His testimony about his daily activities indicates that his lifestyle is markedly similar to that described at the 1980 hearing. While there have been some changes, they are either insignificant or due to reasons other than the injury. For example, he no longer helps his children get dressed, but that is because they are now old enough to dress themselves. Since his wife works, he is still the person mainly responsible for preparing breakfast for the children and getting them ready for school. He still helps with the housework. He gave up deer hunting but instituted a walking program. He mainly sits or lies around the house all day now and mainly sat or lay around the house all day in 1980. He says he is in constant pain now, and he was in constant pain then. In short, we are unable to find that Marrable's condition has changed.

Viewing all evidence in the light most favorable to the Commission's findings, we find substantial evidence to support the Commission's conclusion.

Appellant also argues that the Commission did not give him the benefit of the doubt in making factual determinations. We find appellant's argument without merit in light of Act

6

10 of 1986. The pertinent provisions of the Act state:

> (3) Administrative law judges, the commission, and any reviewing courts shall construe the provisions of this chapter liberally, in accordance with the chapter's remedial purposes.

> (4) In determining whether a party has met the burden of proof on an issue, administrative law judges and the commission shall weigh the evidence impartially and without giving the benefit of the doubt to any party.

Act 10 of 1986 (2nd Ex. Sess.) (codified as amended at Ark. Code Ann. § 11-9-704(c)(3), (4) (1987) (formerly Ark. Stat. Ann. § 81-1323(c) (Supp. 1985)).

■ In the present case, appellant's injury occurred, and his claim was filed, prior to the effective date of the act; however, the decisions in question of the Administrative Law Judge and Commission were rendered after the effective date of the Act. This court recently addressed this issue in *Fowler* v. *McHenry*, 22 Ark. App. 196, 737 S.W.2d 663 (1987). In *Fowler*, the Commission reversed the Administrative Law Judge and held that the claimant's heart attack was not compensable. In reaching its decision, the Commission stated that it "weighed the evidence impartially and without giving the benefit of the doubt to any party in conformity with Act 10 of 1986." This court affirmed the Commission's decision finding that the change brought about by the amendment is fairly characterized as procedural. Further, it was stated that procedural changes are generally held to be immediately applicable to existing causes of action and not only to those which may arise in the future unless a contrary intent is expressed in the statute. The *Fowler* court recognized that prior to 1986, the Commission was obligated to give the claimant the benefit of the doubt in making factual determinations. However, application of the amendment to cases heard after the passage of the act, where the injury occurred prior to passage, was held appropriate. Additionally, it was noted that if the legislature intended that the new rule apply only to cases filed after the effective date, it could have so stated. Applying Act 10 of 1986 and its construction in *Fowler* to the case at bar, we conclude that appellant has failed to demonstrate that the Commission did other than weigh the evidence impartially and without giving the

benefit of the doubt to any party.

Affirmed.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. In *Wright* v. *American Transportation*, 18 Ark. App. 18, 709 S.W.2d 107 (1986), this court reversed and remanded a case decided by the Arkansas Workers' Compensation Commission for its failure to make "specific findings upon which it relies to support its decision." In our opinion we relied, in part, upon *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979), in which the Arkansas Supreme Court pointed out that the Commission's findings had to be in sufficient detail that

> [T]he reviewing court may perform its function to determine whether the commission's findings as to the existence or non-existence of the essential facts are or are not supported by the evidence.

265 Ark. at 507.

It therefore follows that the decision of the Commission cannot be affirmed unless its *findings* are supported by substantial evidence. This appears to be the general rule in appeals from administrative agencies.

> An administrative determination, however, may only be sustained on the agency's findings and for the reasons stated by the agency, even where evidence in the record may be sufficient to support the determination for different reasons (see 3 Davis, Administrative Law Treatise [2d ed], § 14:29, p. 128; see, also, 6 N.Y.Jur.2d, Article 78, § 240, p. 132.)

*Al-Co Properties, Inc.* v. *Department of State of the State of New York*, 452 N.Y.S.2d 947, 951 (N.Y. App. Div. 1982).

In the present case, it is my view that the *findings* of the Commission are not supported by substantial evidence. For example, the Commission stated that one of the reasons it did not find that appellant had established a change in his physical condition sufficient to support an award for additional benefits was because the only two physicians whose opinions were placed

in evidence disagreed as to the *amount* of the increased disability. Another reason for denying appellant's claim was that the increased disability rating given by appellant's primary treating physician was made simply "to placate counsel." This first finding, I submit, is not relevant on the issue involved since *both* doctors stated that appellant had an increased disability even though they did not agree on the amount. The second finding is based on sheer speculation and conjecture; there is no evidence in the record to support it.

It would serve no purpose to make an extended discussion of the evidence; however, I do not believe the *findings* made by the Commission are supported by substantial evidence. Therefore, I would reverse and remand this matter to the Commission for another hearing and for findings based upon the evidence presented.