**Opinion issued August 30, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-11-00752-CV**

———————————

**JEFF BURNS, Appellant**

**V.**

**THE SEASCAPE OWNERS ASSOCIATION, INC., JOHN PRUETZ, BRETT PHILLIPS, JULIAN ECHOLS, TOM BRUNE, RON BENOTTI, AND BILL ETHEREDGE D/B/A ETHEREDGE PROPERTY MANAGEMENT, Appellees**

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Case No. 10-CV-0244**

---

**MEMORANDUM OPINION**

Appellant Jeff Burns challenges the summary judgment rendered against

him in favor of appellees The Seascape Owners Association, Inc., John Pruetz,

Brett Phillips, Julian Echols, Tom Brune, Ron Benotti, and Bill Etheredge d/b/a Etheredge Property Management. The judgment (1) dismisses Burns's claims against appellees with prejudice and (2) awards The Seascape Owners Association, Inc., ("Seascape") damages and attorney's fees on its counter-claim against Burns. Burns challenges the judgment in five issues. Seascape has filed a motion to dismiss Burns's challenge to the portion of the judgment awarding Seascape damages and attorney's fees.

We affirm, in part, reverse and remand, in part, and dismiss the appeal, in part.

### Background Summary

Jeff Burns owned a condominium unit in the Seascape Condominiums project, which is located on Galveston Island. The condominium building in which Burns's condominium unit is located was damaged by Hurricane Ike. Seascape, the condominium owners' association, is responsible for managing and maintaining the common elements of the building. Following the hurricane, Seascape hired Hudak & Dawson, a construction company, to assist with repairing the building. During the repair process, Hudak & Dawson demolished parts of the building, including portions of Burns's condominium unit.

On June 15, 2010, Burns filed suit against (1) Seascape; (2) the individual members of its Board of Directors, John Pruetz, Brett Phillips, Julian Echols, Tom

2

Brune, and Ron Benotti ("the Directors"); (3) the property manager hired by Seascape, Bill Etheredge d/b/a Etheredge Property Management ("Etheredge"); and (4) the construction company, Hudak & Dawson. Burns alleged that Seascape, the Directors, and Etheredge had instructed and permitted Hudak & Dawson to enter his condominium and "substantially demolish the interior thereof." Burns acknowledged that "[Seascape] is charged with maintenance and oversight of certain portions of the condominium project" but contended that "this responsibility does not extend to the interior and furnishings of [Burns's] condominium."

Burns asserted, inter alia, that the defendants had failed to properly assess the extent of the damage to his condominium, had not obtained proper authorization before entering his unit—thereby "exceeding the scope of whatever limited right of entry they may have possessed"—and had not properly secured and preserved his property. Burns asserted causes of action for negligence and trespass. He requested damages for "destruction of his personal property, diminished value and cost of repairs to the condominium, and loss of rental income."

Seascape, the Directors, and Etheredge (collectively "appellees") answered the suit, asserting a general denial and a number of affirmative defenses, including

3

consent. Seascape also counter-claimed against Burns (1) for non-payment of monthly condominium maintenance assessments and (2) for attorney's fees.

Appellees moved for summary judgment, seeking dismissal of Burns's claims. Appellees asserted that they were entitled to summary judgment on Burns's trespass claim based on the affirmative defense of consent. Appellees also asserted that they were entitled to summary judgment with respect to Burns's negligence claim based on a provision in the condominium project's bylaws.

The Directors also filed a no-evidence motion for summary judgment. They asserted, "Under the Texas Business Organizations Code § 22.221, a director of a non-profit corporation is not liable for any act undertaken in good faith for the benefit of the organization." They argued, "There is no evidence that the individual Directors failed to act in good faith, failed to act with ordinary care, or failed to act in a manner the Directors reasonably believed to be in the best interest of the corporation."

In addition, Seascape sought summary judgment on its counter-claim against Burns for unpaid monthly condominium assessments and for attorney's fees. Seascape offered the affidavit of its accounts manager. The manager testified that Burns owed $10,348.63 in past due condominium maintenance assessments.

Seascape also offered the affidavit of the attorney representing it in the lawsuit. He testified that Seascape had incurred $11,060.55 in defending and in prosecuting the suit.

After the defendants filed the traditional motion for summary judgment, Burns amended his petition to include a claim for breach of fiduciary duty against Seascape. Burns filed a response to the motion for summary judgment, and appellees filed a reply to the response. In the reply, appellees addressed Burns's breach of fiduciary duty claim, which had been added by Burns in his amended petition.

The trial court granted the defendants' traditional motion for summary judgment on Burns's claims. The trial court dismissed Seascape, the Directors, and Etheredge from the suit "with prejudice." It also granted the Directors' no evidence motion for summary judgment. In addition, the trial court granted Seascape's motion for summary judgment on its counter-claims against Burns. The trial court awarded Seascape $10,348.63 for unpaid monthly maintenance assessments. It also awarded Seascape $11,060.55 in attorney's fees pursuant to Civil Practice and Remedies Code section 38.001. Thereafter, Burns dismissed his claims against Hudak & Dawson with prejudice, making the judgment final and appealable.

5

Burns now appeals. He presents five issues. In his first two issues and in his fourth issue, Burns asserts that the trial court erred when it granted appellees' traditional motion for summary judgment regarding his claims for trespass, negligence, and breach of fiduciary. In his third issue, Burns contends that the trial court improperly granted the Board of Directors' no-evidence summary judgment. Lastly, in his fifth issue, Burns asserts that the trial court erred by granting Seascape's motion for summary judgment on its counter-claim against him and awarding Seascape $10,348.63 for unpaid maintenance fees assessments and $11,060.55 in attorney's fees.

### Traditional Motion for Summary Judgment

In his first, second, and fourth issues, Burns challenges the trial court's order granting appellees' traditional motion for summary judgment on his claims.

### A. Standard of Review

To prevail on a traditional Rule 166a(c) summary judgment motion, a movant must prove that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004). A defendant moving for summary judgment must either (1) disprove at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of an affirmative defense to rebut the plaintiff's cause. *Cathey v. Booth*,

6

900 S.W.2d 339, 341 (Tex. 1995). The movant must conclusively establish its right to judgment as a matter of law. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

If the movant meets its burden, the burden then shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

On appeal, we review de novo a trial court's summary judgment ruling. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In our review, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). When, as here, the trial court's order granting summary judgment does not specify the grounds on which it was granted, it must be affirmed if any of the

grounds asserted are meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

**B.    Trespass Claim**

In his first issue, Burns asserts that the trial court erred by rendering summary judgment on his trespass claim.    Trespass occurs when a person enters another's land without consent. *Wilen v. Falkenstein*, 191 S.W.3d 791, 797 (Tex. App.—Fort Worth 2006, pet. denied).  A plaintiff must prove that (1) he owns or has a lawful right to possess real property, (2) the defendant entered the land and the entry was physical, intentional, and voluntary, and (3) the defendant's trespass caused injury.  *Id*. at 798.  Actual or apparent consent to enter the property is an affirmative defense to a cause of action for trespass. *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 835 (Tex. App.—Dallas 2000, no pet.) (citing *Carr v. Mobile Video Tapes, Inc*., 893 S.W.2d 613, 623 (Tex. App.—Corpus Christi 1994, no writ)).

In the motion for summary judgment, appellees asserted that they were entitled to summary judgment on Burns's trespass claim because he had, under the circumstances, consented to entry into his condominium.  Seascape relied on Article 6.1 of the Condominium Declaration, which provides that, upon "destruction, obsolescence or condemnation" of the Property, Seascape becomes the attorney-in-fact of the condominium owner authorized to enter into contracts

necessary "to deal with" destruction to the Property.  The Declaration defines "the Property" to be "the land, the buildings and all improvements and structures therein and all rights, easements and appurtenances belonging thereto."

Specifically, Article 6.1 also provides,

> As Attorney-in-Fact, the Association by its authorized officers shall have full and complete authorization, right of power to make, execute and deliver any contract, deed or any other instrument with respect to the interest of a Condominium Unit Owner which is necessary and appropriate to exercise the powers herein granted.

Appellees contend that the Article 6.1 provided it with consent to allow the construction company to enter Burns's unit, thereby defeating the trespass claim. Seascape asserted that this provision was triggered as a result of the hurricane damage to the Property.

In support of this assertion, appellees offered the Directors' individual affidavits and the affidavit of property manager Etheredge.  The affiants averred that each was "personally aware of the activity conducted by the Association and the Board [of Directors] with the reconstruction and repair of Seascape Condominiums (the "Property") including Jeff Burns' unit, #1119 due to damage sustained from Hurricane Ike."  Each testified that Seascape condominiums "received extensive damage from Hurricane Ike, [and] the power, water, fire protection, elevator and all other building systems were inoperable after the storm and remained inoperable for many months pending repair and reconstruction."

9

Each testified, "Many windows were broken, sections of the buildings' skin were blown off and the roof was totally destroyed. These breaches in the buildings' exterior allowed massive amounts of water to enter the buildings, including the building where Burns' unit is located. No units in this building escaped damage."

The affiants averred that the total damage to the condominium property was over $9 million. The affiants explained that the "[t]he Declaration requires the Directors to reconstruct, repair and otherwise return the Property to its pre-disaster status."

We agree with appellees that the affidavits show that the Property—meaning the condominium property as a whole—(including Burns's condominium building) suffered destruction from the hurricane, thereby establishing the application of Article 6.1. As a result, under Article 6.1, Seascape became the attorney-in-fact of the condominium owners to effectuate the repairs to the Property. Pursuant to the provision, Seascape was authorized to enter into repair contracts to remedy the destruction of the Property. This necessarily included the right to enter a condominium unit to effectuate repairs to the Property. Thus, appellees met their summary judgment burden to conclusively establish that they had consent to permit the construction company to enter Burns's condominium unit. The burden then shifted to Burns to raise a genuine issue of material fact precluding summary judgment.

In his response, Burns asserted that Article 6.1 did not provide appellees with consent to enter his condominium to make repairs under the facts of this case. He acknowledged that the article provides for the appointment of Seascape as attorney in fact "in the event of destruction, obsolescence, or condemnation" of the Property. He does not dispute that, if triggered, Article 6.1 gives Seascape consent to enter his condominium unit to carry out its duties to repair and to restore the Property.

Instead, Burns contends that there was no destruction or obsolescence to *his* condominium unit to trigger the application of Article 6.1. Burns points out that the appointment of Seascape as attorney-in-fact "is limited to making those contracts 'necessary and appropriate to exercise the powers' to 'restoring the improvement(s) to substantially the same condition in existence prior to the damage.'" He asserts that appellees "failed to perform any repairs to or restoration of the property."

Burns offered his own affidavit and that of his wife, Mitzi Burns, who is co-owner of the condominium unit. In her affidavit, Mitzi Burns testified, in part,

> I have personal knowledge of the condition of Unit 1119 prior to Hurricane Ike and personally inspected the unit together with an insurance adjuster the week following Hurricane Ike. There was no destruction or obsolescence of the condominium either prior to or following Hurricane Ike. Following the hurricane, the windows and doors were intact, the ceiling was dry and intact, the floors were dry and there was no damage found. The common elements attached to the unit, namely the balcony and railings, were intact and not in need

11

of maintenance. No utilities were leaking or damaged that might cause damage to adjacent units. Nothing was found in the unit that would constitute any emergency requiring subsequent entry by Seascape to prevent damage to the common elements or any other units.

Burns's summary judgment evidence may raise an issue of material fact with respect to whether *his* unit suffered damage but it does not raise an issue of material fact with respect to whether "the Property" suffered destruction. Under Article 6.1, this is the relevant inquiry. As stated, the declaration defines "the Property" to mean "the land, the buildings and all improvements and structures therein and all rights, easements and appurtenances belonging thereto." It is not limited to Burns's condominium unit nor does it require a showing that a specific unit suffered damage. Burns offered no evidence to show that the "the Property" had not suffered damage and destruction from the storm.

Burns also asserts that there was no consent because appellees failed to perform any repairs to or restoration of his property. Whether Seascape ultimately accomplished the restoration is not relevant to whether it initially had consent to enter Burns's unit.

We conclude that appellees established, as a matter of law, their affirmative defense of consent. We hold that the trial court properly granted summary judgment in favor of appellees on Burns's trespass claim.[1]

We overrule Burns's first issue.

## C. Negligence Claim

In his second issue, Burns asserts that the trial court erred by granting appellees' motion for summary judgment on his negligence claim. A negligence claim consists of three essential elements: (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages proximately resulting from that breach. *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990).

With respect to Burns's negligence claim, appellees relied on Section 9.2 of the condominium by-laws to establish that it was entitled to summary judgment. That section provides, in relevant part, as follows:

> **Storm Damage** During a hiatus required by the Texas General Land Office after a storm, any action taken by the Board of Directors to promote safety and to mitigate further damage at the Condominium shall be presumed to be reasonable and done in good faith, and the

---

[1] Although not clear, appellees appear to argue that the consent derived from Article 6.1 also supports summary judgment on Burns's negligence claim. However, it is not clear from appellees' motion for summary judgment which element of Burns's negligence claim would be defeated by the application of this provision. Moreover, Burns's negligence claim is premised, at least in part, on the alleged damage that was done to his personal property as a result of improper and careless work by the contractor after entry into his condominium. Thus, appellees, have not shown how granting consent to enter the unit and to conduct repairs negates Burns's negligence claim.

members of the Board of Directors and the council's management company and its owner shall be harmless and immune from litigation . . . .

In their motion for summary judgment, appellees asserted, "By expressly consenting to the terms of the Seascape Declaration and By-Laws, Burns consented to the presumption contained in the above section of the Seascape By-Laws." They further averred, "The presumption that the Directors's actions taken after Hurricane Ike were 'reasonable and done in good faith' conclusively negates the breach of duty element of Burns's negligence cause of action."

In his summary judgment response, Burns points out that, by its own language, Section 9.2's application is limited to the period "[d]uring a hiatus required by the Texas General Land Office after a storm." The phrase is not defined in the by-laws; nor did appellees offer summary judgment evidence to show that their actions taken to repair and to restore the Property occurred "[d]uring a hiatus required by the Texas General Land Office after a storm." For this reason, we agree with Burns that appellees failed to establish that Section 9.2 applies. Appellees offered no other ground to defeat Burns's negligence claim.

We conclude that appellees failed to meet their summary judgment burden with respect to Burns's negligence claim. We hold that the trial court erred by granting appellees' traditional motion for summary judgment on that claim.

We sustain Burns's second issue.

14

**D.  Breach of Fiduciary Duty Claim**

In his fourth issue, Burns contends that the trial court erred by granting summary judgment on his breach of fiduciary duty claim against Seascape.  Burns added that claim by amending his petition after appellees had filed their motion for summary judgment.  The amended petition was filed on September 14, 2010.  The record reflects that the hearing on the motion for summary judgment was set for September 16, 2010.  The question arises whether Burns's breach of fiduciary duty claim was included in the trial court's order granting summary judgment on Burns's claims.

If an amended petition is filed within seven days of the summary judgment hearing but before the hearing, leave of court is required.  *Mensa-Wilmot v. Smith Int'l, Inc.*, 312 S.W.3d 771, 778 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *Houtex Ready Mix Concrete & Materials v. Eagle Constr. & Envtl. Servs., L.P.*, 226 S.W.3d 514, 520 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  Nonetheless, when a party files an amended pleading within seven days of trial, we presume the trial court granted leave for the late filing when the summary judgment states that the court considered all of the pleadings, the record does not indicate that the court did not consider the amended pleading, and the opposing party does not show surprise.  *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d

487, 490 (Tex. 1988); *see Cont'l Airlines, Inc. v. Kiefer*, 920 S.W.2d 274, 276 (Tex. 1996).

Here, Burns filed his amended petition, adding the breach of fiduciary duty claim, within seven days of the hearing on appellees' motion for summary judgment. However, there is no indication in the record that the trial court did not consider Burns's amended petition. To the contrary, the trial court's October 27, 2010 order granting appellees' motion for summary judgment on Burns's claims recites, "Having considered the pleadings and all evidence, the Court finds the motion is meritorious and should be granted." The order also provides that Burns takes nothing by his "claims alleged in Plaintiff's Petition" against appellees.

Further, appellees did not indicate that the lateness caused them undue surprise, nor did they request the court to exclude the amended pleading. We presume Burns filed his amended petition with leave of court. *See Goswami*, 751 S.W.2d at 490; *see also Cont'l Airlines*, 920 S.W.2d at 276. As a result, the amended petition was the live pleading when the trial court granted summary judgment on Burns's claims. *See MacFarlane v. Burke*, No. 01–10–00409–CV, 2011 WL 2503937, at *4, (Tex. App.—Houston [1st Dist.] June 23, 2011, no pet.) (mem. op.). Thus, the trial court granted summary judgment on Burns's breach of fiduciary duty claim.

On appeal, Burns contends that summary judgment on his breach of fiduciary duty claim was not proper because it was not addressed by apellees in a motion for summary judgment. Burns is correct that appellees did not amend their motion to address the claim. Instead, appellees chose to attack the claim in their September 20, 2010 reply to Burns's response to their motion for summary judgment. A reply is not a motion for summary judgment. *Reliance Ins. Co. v. Hibdon*, 333 S.W.3d 364, 378 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). A movant is not entitled to use its reply to amend its motion for summary judgment or to raise new and independent summary judgment grounds. *Id.*; *see also Garcia v. Garza*, 311 S.W.3d 28, 36 (Tex. App.—San Antonio 2010, pet. denied). A motion for summary judgment must stand or fall on the grounds expressly presented in the motion. *Reliance Ins. Co.*, 333 S.W.3d at 378 (citing *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993)). Thus, we hold that the trial court erred in rendering summary judgment against Burns on his breach of fiduciary duty claim.

We sustain Burns's fourth issue.

### No-Evidence Summary Judgment

In his third issue, Burns contends that the trial court improperly granted a no-evidence summary judgment to the individual members of Seascape's Board of Directors: John Pruetz, Brett Phillips, Julian Echols, Tom Brune, and Ron Benotti

17

based on the statutory protection afforded by section 22.221 of Business Organizations Code.[2] *See* TEX. BUS. ORGS. CODE ANN. § 22.221 (Vernon 2011).

## A. Standard of Review: No-Evidence Motion for Summary Judgment

After an adequate time for discovery, the party without the burden of proof may move for a no-evidence summary judgment on the basis that there is no evidence to support an essential element of the non-moving party's claim. TEX. R. CIV. P. 166a(i); *see Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008). Summary judgment must be granted unless the non-movant produces competent summary judgment evidence raising a genuine issue of material fact on the challenged elements. TEX. R. CIV. P. 166a(i); *Hamilton*, 249 S.W.3d at 426. A non-moving party is "not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." TEX. R. CIV. P. 166a (Notes & Comments 1997).

---

[2] The trial court's order grants a no-evidence motion for summary judgment in favor of not only the individual directors, but also in favor of Seascape and Etheredge. However, a reading of the no-evidence motion for summary judgment indicates that it was asserted only on behalf of the directors. Moreover, pursuant to the plain language of the statute, section 22.221 of Business Organizations Code applies only to an action taken against a director of a non-profit corporation. *See* TEX. BUS. ORGS. CODE ANN. § 22.221 (Vernon Supp. 2011). In their brief, appellees agree that the no-evidence summary judgment applies only to Burns's claims against the directors in their individual capacities.

18

**B.     Adequate Time for Discovery**

Pursuant to Rule of Civil Procedure 166a(i), a party may not move for a no-evidence summary judgment until after an adequate time for discovery has passed. TEX. R. CIV. P. 166a(i).  Burns asserts that the trial court erred in granting the no-evidence motion for summary judgment because the Directors moved for summary judgment before an adequate time for discovery had passed.

Burns argues that there had not been adequate time for discovery because the discovery period had not ended when the Directors filed their no-evidence motion for summary judgment.  Rule of Civil Procedure 190.3 provides that the discovery period begins when the suit is filed and ends the earlier of thirty days before trial or nine months after the earlier of the date of the first oral deposition or the due date of the first response to written discovery.  *See* TEX. R. CIV. P. 190.3(b)(1)(B)(i) & (ii).  The record reflects that Burns filed suit in January 2010, and the Directors filed the no-evidence motion for summary judgment in August 2010.  It is also undisputed that Burns and the Directors had not exchanged written discovery nor had any depositions been taken.  The trial court granted the no-evidence motion for summary judgment in November 2010.

The comment to Rule 166a states that "ordinarily a motion under paragraph (i) would be permitted after the [discovery] period but not before."  TEX. R. CIV. P. 166a(i), cmt.—1997.  Nonetheless, a party who contends that there has not been

19

adequate time for discovery must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *See Tenneco, Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *Rad v. Calbeck*, No. 03–10–00429–CV, 2011 WL 6938520, at *4 (Tex. App.—Austin Dec. 30, 2011, no pet.) (mem. op.); *see also* Tex. R. Civ. P. 251, 252. Burns did not file an affidavit explaining the need for further discovery. Burns included a request for continuance in his response to the summary judgment motion, but it was not verified. As a result, we conclude Burns waived any argument that the Directors' motion was premature.[3] *See Rad*, 2011 WL 6938520, at *4; *Guerrero v. Mem'l Turkey Creek, Ltd.*, No. 01–09–00237–CV, 2011 WL 3820841, at *4 (Tex. App.—Houston [1st Dist.] Aug. 25, 2011, no pet.) (mem. op.); *Flores v. Flores*, 225 S.W.3d 651, 654–55 (Tex. App.—El Paso 2006, pet. denied); *see also Tenneco*, 925 S.W.2d at 647.

---

[3] In any event, by granting the Directors' no-evidence motion for summary judgment, the trial court implicitly denied Burns's request for a continuance contained in his summary judgment response. *See W.W. Webber, L.L.C. v. Harris County Toll Road Auth.*, 324 S.W.3d 877, 880 n.1 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing Tex. R. App. P. 33.1(a)(2)(A); *In re A.D.A.*, 287 S.W.3d 382, 387 (Tex. App.—Texarkana 2009, no pet.)). We must presume that a trial court does not abuse its discretion in denying a motion for continuance when the motion is not verified or supported by affidavit. *Emanuel v. Citibank (South Dakota), N.A.*, No. 01–10–00768–CV, 2011 WL 5429042, at *2 (Tex. App.—Houston [1st Dist.] Nov. 10, 2011, no pet.).

## C. Safe Harbor Provision

Section 22.221 of Business Organizations Code contains a "safe harbor" provision for directors of non-profit corporations, such as Seascape's directors. *See Priddy v. Rawson*, 282 S.W.3d 588, 594 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (discussing article 1396–2.28 of the Business Corporations Act, now recodified at section 22.221 of the Business Organizations Code, without substantive changes and defining provision as a safe harbor provision). Section 22.211 provides as follows:

> (a) A director shall discharge the director's duties, including duties as a committee member, in good faith, with ordinary care, and in a manner the director reasonably believes to be in the best interest of the corporation.
>
> (b) A director is not liable to the corporation, a member, or another person for an action taken or not taken as a director if the director acted in compliance with this section. A person seeking to establish liability of a director must prove that the director did not act:
>
> (1) in good faith;
>
> (2) with ordinary care; and
>
> (3) in a manner the director reasonably believed to be in the best interest of the corporation.

*See* TEX. BUS. ORGS. CODE ANN. § 22.221 (Vernon 2011).

In *Priddy*, the court held that the safe harbor provision places the burden of proof on the plaintiff to show that a director of a non-profit corporation did not act (1) in good faith, (2) with ordinary care, and (3) in a manner he reasonably

believed to be in the best interest of the corporation. *Priddy*, 282 S.W.3d at 594.

Here, in their no-evidence motion for summary judgment, the Directors asserted that no evidence existed with regard to each of the three safe harbor elements found in section 22.221. We agree with the court in *Priddy* that, to survive summary judgment, Burns had the burden to produce competent summary judgment evidence showing that a genuine issue of material fact existed with regard to whether the directors did not act (1) in good faith, (2) with ordinary care, and (3) in a manner they reasonably believed to be in the best interest of the corporation. *See id.*; *see also* TEX. BUS. ORGS. CODE ANN. § 22.221.

## D. Burns's Evidence Pertaining to Elements of Safe Harbor Provision

In his response to the no-evidence motion for summary judgment, Burns asserted,

> The affidavits of Mitzi Bums and Jeff Burns, submitted under separate cover, suggest material questions of fact remain concerning the "ordinary care" exercised by the individual Directors members. Both Mr. and Mrs. Burns indicate that undamaged property was torn out and destroyed and that personal effects were left piled up with no protection from damage or theft.

Burns did not address or point to evidence with regard to the first or third safe harbor elements; that is, he did not address whether the Directors acted in good faith, nor did he address whether the Directors members reasonably believed their conduct was in the best interest of the corporation.

22

On appeal, Burns contends that he offered evidence in the trial court to show that the directors did not act with ordinary care or in good faith. Nonetheless, he does not address, or offer any argument to show, that the Directors did not reasonably believe that their conduct was in the best interest of the corporation. In other words, Burns does not address the third element of the safe harbor provision on appeal. The Directors expressly challenged this element in their no-evidence motion for summary judgment. Thus, Burns had the burden to offer evidence with respect to this element.

When a party moves for summary judgment on multiple grounds and, as here, the trial court's order granting summary judgment does not specify the ground or grounds on which it was based, a party who appeals the order must negate all possible grounds on which the order could have been based. *See Ellis v. Precision Engine Rebuilders, Inc*., 68 S.W.3d 894, 898 (Tex. App.—Houston [1st Dist.] 2002, no pet.). To make this challenge, the appellant may either assert a separate issue challenging each possible ground or assert a general issue that the trial court erred in granting summary judgment, and within that issue, provide argument negating all possible grounds on which summary judgment could have been granted. *See id.*; *see also Jarvis v. Rocanville Corp*., 298 S.W.3d 305, 313 (Tex. App.—Dallas 2009, pet. denied). If an appellant does not challenge each possible ground for summary judgment, we must uphold the summary judgment on

23

the unchallenged ground. *See Ellis*, 68 S.W.3d at 898. Because Burns failed to challenge the Directors' no-evidence summary judgment argument that Burns could produce no evidence in support of the third element of the safe harbor provision, we must accept the validity of that ground and affirm the no-evidence summary judgment in favor of the Directors. *See Morton v. Kelley*, No. 01–09–00428–CV, 2010 WL4056516, at *5 (Tex. App.—Houston [1st Dist.] Oct. 14, 2010, no pet.) (mem. op.) (affirming no-evidence summary judgment because appellant failed to address argument that she could not produce evidence with respect to certain elements of her claims); *Wilhite v. Glazer's Wholesale Drug Co., Incorporated/Glazer Family of Companies*, 306 S.W.3d 952, 954–55 (Tex. App.—Dallas 2010, no pet.) (upholding no-evidence summary judgment when appellant failed to address no-evidence grounds on appeal).

We hold that the trial court did not err by granting the Directors' no-evidence motion for summary judgment. We overrule Burns's third issue.

### Appeal of Judgment on Seascape's Counter-Claims

In his fifth issue, Burns asserts that the trial court erred when it granted summary judgment in favor of Seascape on its counter-claims for past due monthly maintenance assessments and for attorney's fees. Seascape has filed a motion to

dismiss this portion of Burns's appeal.[4] Seascape asserts that the appeal of this issue was rendered moot when Burns voluntarily paid the assessments and attorney's fees.

The record shows that, on November 3, 2010, the trial court signed the interlocutory order granting summary judgment on Seascape's counter-claims and ordering Burns to pay the assessments and attorney's fees. It is undisputed that Burns sold the condominium unit on January 13, 2011. As part of the closing on the property, Burns paid the past due monthly assessments and attorney's fees. Final judgment was rendered on May 23, 2011, when the trial court granted Burns's motion to dismiss Hudack & Dawson. Despite his payment of the sums, Burns now challenges on appeal the portion of the judgment awarding Seascape past due assessments and attorney's fees.

---

[4] In his response to the motion, Burns requests that we strike Seascape's motion to dismiss because it did not confer with him or include a certificate of conference, as required by Texas Rule of Appellate Procedure 10.1(a)(5). *See* TEX. R. APP. P. 10.1(a)(5). We do not condone Seascape's disregard of the rule; however, because Burns has filed a response to the motion to dismiss, no purpose would be served by striking the motion and requiring a conference. Burns also points out that Rule 10.2 requires that a court of appeals should not hear or determine a motion until 10 days after the motion was filed. *See id.* 10.3. Burns complains that Seascape ran afoul of this rule because the motion was filed less than 10 days before the submission date for this appeal. Burns contends that, as a result, he had insufficient time to prepare an adequate response to the motion. We note that this Court withheld determination of the motion to dismiss until the passage of 10 days. *See* TEX. R. APP. P. 10.3. Moreover, Burns did not request a continuance of a determination of the motion, request an extension of time to file his response, or otherwise seek to supplement or amend his response before our determination of the motion. *See id.* 10.1(b) (providing, "A party may file a response to a motion at any time before the court rules on the motion . . . .").

Generally, when a judgment debtor voluntarily pays, and thereby satisfies a judgment rendered against him, the cause becomes moot and must be dismissed. *Continental Cas. Co. v. Huizar*, 740 S.W.2d 429, 430 (Tex. 1987); *Highland Church of Christ v. Powell*, 640 S.W.2d 235, 236 (Tex. 1982). The mere fact that a judgment is paid "under protest" will not prevent the case from becoming moot on payment. *Huizar*, 740 S.W.2d at 430. Yet, if payment is involuntary, the rule does not apply. *Riner v. Briargrove Park Property Owners, Inc.*, 858 S.W.2d 370 (Tex.1993) (stating that, if a party does not voluntarily pay a judgment, his appeal is not moot). As Burns correctly avers, payment of a judgment made involuntarily under duress will not moot an appeal of the judgment. *See Highland Church*, 640 S.W.2d at 237.

In *Highland Church*, the Supreme Court of Texas held that the church's payment of the judgment at issue was made under "implied duress," caused by accruing penalties and interest, as well as the embarrassment the church would have faced had execution issued against it. *See id.* The court held that, as a result, the voluntarily payment rule did not apply to moot the church's appeal. *See id.*

Similarly, in *Miga v. Jensen*, the court held that payment of a judgment would not moot an appeal because the record showed that the payment was made under economic duress implied by the threat of statutory penalties and accruing

26

interest on the judgment pending appeal.[5]  96 S.W.3d 207, 211–12 (Tex. 2002).

Texas courts have also generally considered payment of a judgment after writ of execution issues to be involuntary, particularly when the judgment creditor initiates efforts to execute against the judgment debtor's assets. *Riner*, 858 S.W.2d at 370–71.

In contrast to the facts of those cases, Burns paid the assessments and attorney's fees *before* final judgment was rendered by the trial court. Execution of the judgment was not an imminent concern for Burns. Additionally, Burns does not claim that he paid the assessments and attorney's fees to avoid accrual of interest or penalties. Rather, in his response to the dismissal motion, Burns's attorney wrote as follows:

> Subsequent to the interlocutory Summary Judgment ruling, but prior to the Interlocutory Judgment becoming final, [Burns] was forced to sell his condominium because he was unable to make scheduled

---

[5]  The purpose of the voluntary payment rule is to prevent a party who has freely decided to pay a judgment from changing its mind and seeking the court's aid in recovering payment. *Highland Church of Christ v. Powell*, 640 S.W.2d 235, 236 (Tex. 1982). Stated another way, a party should not be allowed to mislead its opponent into believing the controversy is over and then contest the payment and seek recovery of it. *Id.* In *Miga v. Jensen*, the supreme court explained that payment on a judgment will not moot an appeal of that judgment if payment is coupled with an expressed intent to appeal and if appellate relief is not futile. 96 S.W.3d 207, 212 (Tex. 2002). Here, there is no claim or evidence that Burns expressed his intent to appeal the award of the assessments and attorney's fees when he paid them. *Cf. Beadles v. Lago Vista Prop. Owners Ass'n, Inc.*, No. 03-05-00194-CV, 2007 WL 1451515, at *2 (Tex. App.—Austin May 18, 2007, no pet.) (mem. op.) (holding that appeal not moot in case in which competing affidavits filed with respect to whether defendant told plaintiff that he planned to appeal judgment at time that he made payment on judgment).

mortgage payments due to the wrongful destruction of his condominium by the [Appellees]; otherwise, [Burns] would have been foreclosed upon, increasing as opposed to mitigating his damages, as the law encourages. However, because the Homeowner's Association provided, and the title company was obliged under Texas law to obtain, a statement of all the outstanding fees and assessments claimed by the Association prior to closing, [Burns] was absolutely unable to close on the sale of the townhome without allowing the title company to pay the outstanding indebtedness claimed by the Association at closing.

In sum, Burns claims to have paid the assessments and attorney's fees involuntarily under the above circumstances out of "economic necessity," "to avoid the possibility of additional economic losses," and under the "implication of duress." However, Burns offers no evidence to support any of the factual contentions made in his response. *See Resendez v. Pace Concerts, Inc.*, No. 07-02-0168-CV, 2003 WL 22207641, at *4 (Tex. App.—Amarillo, Sept. 24, 2003, pet. denied) (dismissing appellant's challenge to attorney's fees award in judgment as moot in case in which appellant paid attorney's fees to have abstract of judgment removed from his real property so that he could sell property; appellate court held appellant's claim that he paid fees out of economic necessity, rather than voluntarily, was not demonstrated by appellant's generalized and conclusory statements in his affidavit); *cf. Miga*, 96 S.W.3d at 212 (explaining that appellate court may use sworn affidavit testimony to ascertain factual matters necessary to proper exercise of its jurisdiction).

28

Burns's has not shown that the harm he claims would befall him, had he not paid the assessments and attorney's fees, was actual or imminent. *See Dallas County Cmty. College Dist. v. Bolton*, 185 S.W.3d 868, 883 (Tex. 2005) (holding that duress not shown as a matter of law because harmed claimed was not shown to be actual or imminent). In other words, Burns has not shown duress or that the payment of the sums was involuntary. *See Resendez*, 2003 WL 22207641, at *4. Accordingly, we dismiss, as moot, Burns's appeal of the portion of the trial court's judgment awarding Seascape the monthly maintenance assessments and attorney's fees.

We dismiss Burns's fifth issue as moot.

## Conclusion

We affirm the portions of the trial court's judgment granting summary judgment with respect to the following: (1) all claims against the individual members of the Board of Directors, namely, John Pruetz, Brett Phillips, Julian Echols, Tom Brune, and Ron Benotti and (2) Burns's trespass claim against each appellee. We reverse the portions of the trial court's judgment granting summary judgment with respect to the following: (1) Burns's negligence and breach of fiduciary duty claims against The Seascape Owners Association, Inc. and (2) Burns's negligence claim against Bill Etheredge d/b/a Etheredge Property Management. We dismiss Burns's appeal of the portion of the trial court's

29

judgment awarding Seascape $10,348.63 for unpaid maintenance assessments and $11,060.55 for attorney's fees.  We remand the case to the trial court for further proceedings.


Laura Carter Higley
Justice

Panel consists of Justices Higley, Sharp, and Huddle.